[Crim. No. 614. Fourth Dist. July 14, 1941.]

THE PEOPLE, Respondent, v. WARREN MARR, Appellant.

Benjamin D. Frantz for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with escaping from an officer. He pleaded guilty and judgment was pronounced on September 16, 1938. On March 28, 1941, he moved in the trial court to vacate the judgment and this appeal is from the order denying that motion.

The information charged that the appellant escaped from a deputy sheriff in the county of Orange on or about the 21st day of October, 1936. The appellant now contends that, in fact, he escaped from a deputy sheriff of Orange County at Pasadena, in the county of Los Angeles, and that the judgment is void since it was entered by the Superior Court of Orange County, which had no jurisdiction over the offense. It is also contended that the court erred at the hearing on the motion to vacate the judgment in refusing to permit the appellant to introduce evidence to the effect that the crime actually occurred in Los Angeles County. In this connection, the appellant sought to introduce into evidence a written report dated October 21, 1936, made by a certain deputy sheriff of Orange County to the sheriff of that county, in which report it was stated that the deputy sheriff on that date took the appellant to Pasadena and that while there the appellant escaped.

It has frequently been held that a motion to set aside a judgment need not be granted unless it appears that the judgment is void upon its face. No such situation here appears, the judgment here in question being regular and valid upon its face. The only contention here made is that one fact, the location of the crime, could now be shown to be different from that implied by the judgment and the face of the record. Not only is this a collateral attack upon the judgment but the evidence offered, if received, would not be conclusive of the fact relied upon. The plea of guilty included an admission of every element entering into the offense charged. (*People* v. *Brown,* 140 Cal. App. 616 [36 Pac. (2d) 194].) One element of the offense charged was that the appellant escaped from an officer in Orange County. This was admitted by the plea of guilty. The most that could be said for the proffered evidence is that it would establish that the appellant escaped from a deputy sheriff in Pasadena on October 21, 1936. Such evidence, if received and if admissible at all, would in no way establish that the appellant had

not also escaped from the same or another deputy sheriff on or about the same date in Orange County, as alleged in the information and admitted by the appellant. While the evidence now offered might have been valuable to the appellant if presented at a trial on the original complaint, it is entirely insufficient to establish that the Superior Court of Orange County had no jurisdiction over the offense to which the appellant pleaded guilty, and is insufficient, on this collateral attack, to establish that the judgment is void.

The order appealed from is affirmed.

Marks, J., and Kelly, J., *pro tem.*, concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 11, 1941.