[Crim. No. 1198.    Fourth Dist.    Feb. 26, 1959.]

THE PEOPLE, Respondent, v. HOWARD M. FIELD, Appellant.

Bertram L. Spears, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

MUSSELL, J.—Appellant was accused in the first count of an information with driving a motor vehicle without the consent of the owner (Veh. Code, § 503) and in the second count he was charged with child stealing (Pen. Code, § 278). On April 25, 1958, he pleaded not guilty and trial was set for May 14, 1958. On that date appellant and his appointed counsel Harry G. Andrews moved the court to vacate the appointment of said counsel. This motion was granted and Bertram L. Spears was then appointed as counsel for appellant and the trial was continued until May 27, 1958. On May 22, 1958, appellant and his newly appointed counsel appeared before the court and the following proceedings were had:

"MR. SPEARS: At this time, your Honor, the defendant requests permission of the Court to withdraw his plea of not guilty heretofore entered to the count of violation of California Vehicle (sic) Section 503 for the purpose of entering a plea of guilty to that count.

"THE COURT: That is the first count? MR. SPEARS: Yes, sir.

"THE COURT: Mr. Field, you have heard your attorney state that you desire to withdraw your plea of not guilty to Count

One of this Information which charges you with driving a motor vehicle without the consent of the owner, a felony, in violation of Section 503 of the California Vehicle Code, for the purpose of entering a plea of guilty. Is that your wish?

"THE DEFENDANT: Yes, sir.

"THE COURT: The plea of not guilty is permitted to be withdrawn. What is the plea of the defendant, then?

"THE DEFENDANT: Guilty, your Honor.

"THE COURT: You plead guilty to Count One of the Information?

"THE DEFENDANT: Yes, your Honor."

Application for probation was received by the court and referred to the probation officer for investigation and report. The hearing on this report and pronouncement of judgment were continued to June 12, 1958. On that date, at the request of the probation officer, the matter was continued to June 20, 1958, at which time the court stated that he had read and considered the report of the probation officer, and appellant was asked if he had legal cause to show why judgment should not then be pronounced. Attorney Bertram Spears stated that there was no legal cause. The court then stated that the probation officer had recommended against probation and that the report appeared to be a most excellent and thorough study of appellant's situation. The court then announced that the defendant's application for probation was denied and the defendant then said:

"THE DEFENDANT: Your Honor, can I say something, please? It was my understanding, when the district attorney come up and talked to me, that in order—he told me that he would drop the charge of child stealing and the 503 would be looked at as a misdemeanor with county jail time or probation, and that is the only reason that I pleaded guilty to the 503. Actually I had permission to drive the automobile anyway."

Judgment was then pronounced that the defendant be confined in the state prison of the State of California for the term prescribed by law for the offense of driving a motor vehicle without the consent of the owner, a felony. A motion was then made by the district attorney that count two of the information charging the defendant with child stealing be dismissed in the interests of justice and this motion was granted.

On July 2, 1958, the appellant filed the following letter with the county clerk:

"To Whom It May Concern:

"I, Howard Mclain Field hereby request that this letter act as a request for Appeal.

"Subject: PEOPLE OF THE STATE OF CALIFORNIA *vs.* HOWARD M. FIELD under California Penal Code 503 (C.U.C.) (sic) I hereby protest the results of the trial and feel the results are not justifiable in that court. I am innocent of the charges in which I was accused. I solemnly swear that this statement is true to the best of my knowledge.

"Respectfully submitted
"Howard Mclain Field"

This letter purports to be a notice of appeal from the judgment. ■ However, the record shows that the defendant, after having been informed of his rights, and with the participation of his counsel, entered a plea of guilty to the charge contained in the first count of the information. This plea, entered under the advice of his attorney, was an admission of every element of the offense charged and constituted a conclusive admission of appellant's guilt. (*People v. Cooper*, 123 Cal.App.2d 353, 356 [266 P.2d 566]; 14 Cal.Jur.2d, § 247, p. 492.)

■ No motion was made by appellant or his attorney to permit withdrawal of the plea of guilty and while the appellant stated that the district attorney told him he would drop the charge of child stealing and the "503" would be looked on as a misdemeanor with county jail time or probation and that for that reason he pleaded guilty to "503," this statement was made only after appellant was informed that probation was denied. It was not urged as a legal excuse at the time set for pronouncing of judgment. It was not made under oath and is not supported by the record. The probation officer conducted a thorough investigation and study of appellant's situation and there is no suggestion in the record of any claim made by appellant to the probation officer that the district attorney made the statement that the "503" would be looked upon as a misdemeanor or that probation would be granted.

The report of counsel for appellant filed herein in lieu of an opening brief shows that he represented the appellant in the superior court and "That at all times mentioned no force or threats was used upon defendant, nor was he promised any immunity or leniency; and at all times herein mentioned the

defendant acted freely and voluntarily"; and that "It is respectfully submitted that in my opinion no meritorious grounds of appeal exists."

Even proceeding upon the assumption that the statement of appellant is equivalent to a motion to withdraw his plea of guilty there was no convincing evidence presented showing an abuse of discretion on the part of the trial court.

In *People* v. *Ottenstror*, 127 Cal.App.2d 104, 109 [273 P.2d 289], the court held: "It is well settled in our law that an accused who seeks to set aside a plea of guilty must show good cause therefor, and the granting or denial of such an application rests in the sound discretion of the trial judge, and his decision will not be disturbed on appeal unless an abuse of that discretion is clearly shown (*People* v. *Broady*, 120 Cal.App.2d 901, 903 [262 P.2d 669], and cases therein cited)."

In *People* v. *Cooper, supra*, 123 Cal.App.2d 353, 356, the court said: "Proof must overcome the act of appellant in pleading guilty under the guidance of his own attorney. Such a plea is an admission of every element of the offense charged, and constitutes a conclusive admission of the offense charged, and constitutes a conclusive admission of defendant's guilt. (Citing cases.)

"While a plea of guilty may be withdrawn pursuant to Pen. Code, section 1018 by reason of the mistake, ignorance, inadvertence or any factor that overcame the defendant's exercise of a free judgment, the basis of the motion for relief 'must be established by clear and convincing evidence.' Moreover, the reviewing court is justified in concluding that the motion was properly denied when it is shown that the accused 'acted with knowledge of the facts and on advice of his counsel.' "

It is a well settled rule that the matter of exercising the power of probation is committed to the sound discretion of the trial court, and that an order denying probation will not be reviewed on appeal unless it be shown that it was an abuse of that discretion, and that probation is not an absolute right to which a defendant is entitled, but is an act of clemency which may be granted. (*People* v. *Jackson*, 89 Cal. App.2d 181, 182 [200 P.2d 204].) No abuse of discretion in this connection is shown by the record.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.