[Crim. No. 8409. Second Dist., Div. Four. Feb. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD W. FLEISCHER, Defendant and Appellant.

482.

Donald W. Fleischer, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an amended information filed by the District Attorney of Los Angeles County, defendant was charged with the crimes of burglary, grand theft, and receiving stolen property. The information further alleged four prior felony convictions. Defendant entered a plea of not guilty and denied the prior convictions. Later, the defendant entered a plea of guilty to count III, receiving stolen property, and not guilty as to the other counts. He admitted one of the four prior felony convictions, to wit, petty theft with a prior conviction of a felony. The remaining prior felony convictions on motion of the People were stricken. The court sentenced defendant to state prison for the term prescribed by law. Judgment was entered June 9, 1955. No appeal was taken from this judgment.

Defendant petitioned this court for appointment of counsel to represent him on appeal. This court, having made an independent investigation of the record and having determined that it would be neither advantageous to defendant nor helpful to this court to have counsel appointed, denied the application, whereupon defendant prosecutes this appeal in propria persona.

On February 23, 1962, approximately seven years later, defendant filed a "Motion to Vacate a Void Judgment," asserting that the judgment was null and void because it was obtained by fraud, deceit, and intimidations; further, that the trial judge in imposing judgment and sentence "without a trial by jury" was in violation of the state and federal Constitutions. The court denied the motion on February 26, 1962. A copy of the minute order was directed to be sent to de-

fendant in state prison. Thereafter, on March 13, 1962, the purported notice of appeal was filed by defendant beyond the 10 days required by rule 31 of the California Rules of Court.* No showing is made by defendant why the requirements of the rules on appeal should not apply to him; his appeal from the original judgment should have been taken almost seven years earlier. (*In re Del Campo*, 55 Cal.2d 816, 817 [13 Cal.Rptr. 192, 361 P.2d 912] ; *People* v. *Lewis*, 219 Cal. 410, 416 [27 P.2d 73].) However, this appeal is subject to dismissal for more fundamental reasons than procedural defects.

 Defendant sets forth, for the first time, in his opening brief, accusations of collusion between the district attorney and the public defender in obtaining defendant's plea of guilty. He asserts that the district attorney purportedly told the public defender that defendant should plead guilty to receiving stolen property and admit one prior felony conviction or stand trial on burglary, grand theft, receiving stolen property, and four prior felony convictions. Defendant's charge of corrupt dealing between counsel should have been made to the trial court. All presumptions favor the regularity of the proceedings below. The charge appears baseless and need not be considered when raised for the first time on appeal. (*People* v. *Gurule*, 169 Cal.App.2d 280, 281 [337 P.2d 111].)

 Defendant charges denial of certain rights by his sentencing "without a trial by jury." Defendant had waived a jury trial and pleaded guilty and the plea was an admission of every element of the offense charged, constituting conclusive admission of defendant's guilt. (*People* v. *Cooper*, 123 Cal.App.2d 353, 356 [266 P.2d 566].)

Defendant's appeal herein challenges an order denying a tardy motion, almost seven years late, to vacate a purported void judgment. The judgment is not void on its face, but valid since its entry in June, 1955. Accordingly, the court has no authority to modify it except in the mode provided by law, such as a motion for new trial or upon a proper and timely appeal from the judgment. (*People* v. *Cantrell*, 197 Cal.App.2d 40, 43 [16 Cal.Rptr. 905] ; *People* v. *Vaitonis*, 200 Cal.App.2d 156, 158-160 [19 Cal.Rptr. 54].) Although "[a]n appeal may be taken by the defendant . . . [f]rom any order made after judgment, affecting the substantial rights of the party" (Pen. Code, § 1237, subd. 3),

*Formerly Rules on Appeal, rule 31.

there is a well established qualification: Ordinarily no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the judgment. (*People* v. *Zolotoff*, 48 Cal.App. 2d 360, 363 [119 P.2d 745].) Allowance of an appeal from an order denying a motion to vacate would virtually give the defendant two appeals from the same ruling and, since there is no time limit within which the motion may be made, would in effect indefinitely extend the time for appeal from the judgment. (*People* v. *Carkeek*, 35 Cal.App.2d 499, 505-506 [96 P.2d 132].)

Were defendant's application in the court below viewed as a petition for writ of error coram nobis the relief would still be unavailable. Such a writ aims at reaching errors of fact extrinsic to the record where no other remedy exists. The petitioner must show that the "facts" upon which he relies were not known to him, and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief. (*People* v. *Shorts*, 32 Cal.2d 502, 513 [197 P.2d 330].) In the instant case, defendant knew at the time of trial all the purported "facts," upon which he now charges misconduct on the part of counsel for the prosecution and defense.

Defendant's chief complaint relates to the indeterminate sentence law, and he attacks the constitutionality thereof on several grounds such as what he describes as the arrogation of judicial functions by the adult authority. All of such contentions were fully answered in the proceeding initiated by him (*Fleischer* v. *Adult Authority*, 202 Cal.App.2d 44 [20 Cal.Rptr. 603]), in which the decision is now final.

Accordingly, the appeal herein is dismissed.

Burke, P. J., and Bishop, J. pro tem.*, concurred.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.