[No. B017068. Second Dist., Div. Five. Dec. 11, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES D. HAWKINS II, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, parts II-IV(C) and IV(D)(2), (3) are not to be published.

**COUNSEL**

Joseph P. Farnan, under appointment by the Court of Appeal, for Defendant and Appellant.

John Van de Kamp and Daniel E. Lungren, Attorneys General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, William T. Harter and Sharon Wooden Richard, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant James Hawkins II appeals his conviction of voluntary manslaughter after he shot a member of the Bounty Hunter gang on September 11, 1983. Defendant received a 28-year sentence and raises numerous contentions. In the published portion of the opinion, we will discuss why the enhancement for a serious prior felony conviction pursuant to Penal Code section 667, subdivision (a)[1] by reason of defendant's previous conviction for a violation of 18 United States Code, section 2114 was properly imposed. Because no error occurred the judgment is affirmed.

---

[1] Unless otherwise indicated all statutory references are to the Penal Code.

II-IV C*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

D. *Sentencing Issues.*

1.

*The Enhancement for the Federal Robbery Conviction Was Properly Imposed.*

Defendant argues that the trial court erroneously imposed a five-year enhancement pursuant to section 667, subdivision (a)[2] by reason of defendant's prior conviction for assaulting a person having custody of government property with the intent "to rob, steal, or purloin" the property or to rob the custodian in violation of 18 United States Code section 2114. As it was in effect at the time of defendant's November 4, 1974, federal conviction, 18 United States Code section 2114 provided: "Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if effecting or attempting to effect such robbery he wounds such person having custody of such mail, money, or other property of United States, or puts his life in jeopardy by use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years." (Act of June 25, 1948, Pub.L. No. 772, 62 Stat. 797.)[3] The information alleged that defendant had previously been convicted of "ROBBERY OF A CUSTODIAN OF UNITED STATES PROPERTY" in violation of 18 United States Code section 2114. The court, after a jury waiver, found the prior federal conviction was a serious crime under California law.

 Defendant's contention on appeal in connection with the 1974 federal prior conviction is that: (1) 18 United States Code section 2114 is not

---

*See footnote, *ante,* page 880.

[2] At the time the decedent was shot, section 667, subdivision (a) provided: "any person convicted of a serious felony who previously has been convicted of the serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

[3] None of subsequent changes to 18 United States Code section 2114 have materially altered the statute.

a specific intent crime because the terms "rob" or "robs" in the federal statute do not require a specific intent to permanently deprive the victim of the mail or other federal property; (2) robbery under California law requires an intent to permanently deprive the victim of the property that is taken (*People* v. *Rosen* (1938) 11 Cal.2d 147, 149-150 [78 P.2d 727, 116 A.L.R. 991]); (3) in order for an enhancement to apply pursuant to section 667, subdivision (a), it is necessary that all of the elements of the federal statute would constitute a serious felony under California law; (4) since California law requires a specific intent, but federal law does not, no enhancement for a previous violation of 18 United States Code section 2114 may be imposed pursuant to section 667, subdivision (a) in the present case. Because we conclude, based upon federal court decisions the term "rob" or "robs" in 18 United States Code section 2114 requires an intent to permanently deprive the government custodian or mail carrier of property or mail, the enhancement in the present case was properly imposed.

In order for a prior conviction sustained in another jurisdiction to serve as a five-year enhancement, it is necessary that the "offense committed in another jurisdiction . . . include[] all of the elements of any serious felony" under California law. (§ 667, subd. (a).) Defendant is correct given the express language of section 667, subdivision (a) that in order for the 1974 prior robbery conviction for violating 18 United States Code section 2114 to serve as a serious prior conviction, the federal crime must include within it all of the elements of any serious felony under California law. Under federal law, a violation of 18 United States Code section 2114 necessarily involves an attempt to rob or a completed robbery with the necessary element of an intention to permanently deprive the victim of the property. The purpose of the statute was originally to protect mail carriers from both an assault and robbery. (See *Garcia* v. *United States* (1984) 469 U.S. 70, 71, 75 [83 L.Ed.2d 472, 475, 477, 105 S.Ct. 479].) A violation of the federal statute necessarily involves "assault on some person of the class indicated, and intent of the assailant to rob or steal mail matter in the possession of such person." (*Conway* v. *United States* (7th Cir. 1924) 1 F.2d 274, 275.) In *United States* v. *Lawrence* (5th Cir. 1983) 699 F.2d 697, 701, the Court of Appeals held that, "[t]he proscribed criminal conduct requires proof of both an assault and an attempt to rob . . . ." Other federal cases emphasize the fact that the crime necessarily involves an attempt to rob. (*United States* v. *Smith* (10th Cir. 1977) 553 F.2d 1239, 1241; *United States* v. *Spears* (1971) 145 App.D.C. 284 [449 F.2d 946, 954]; *United States* v. *Spain* (E.D.Ill. 1940) 32 F.Supp. 28, 30.) The face of the federal statute also proscribes a completed robbery which is accompanied by an assault. No doubt, an attempted robbery or a completed robbery would be a serious felony under California law. (§ 1192.7, subds. (c)(10), (19) & (27).)

Defendant argues, however, that the robbery referred to in 18 United States Code section 2114 does not require an intent to permanently deprive the victim of her or his property. Defendant cites federal authority digested by our colleagues in Division Six of this appellate district in *People v. Enriquez* (1984) 159 Cal.App.3d 1, 4-5 [205 Cal.Rptr. 238] for the proposition that a violation of the federal bank "robbery" statute in 18 United States Code section 2113[4] does not require such a specific intent and a prior conviction for bank "robbery" under that statute may not be used to support a section 667, subdivision (a) five-year enhancement. (*Ibid.*)

However, unlike the federal bank "robbery" statute construed in *Enriquez,* the attempted robbery or robbery element of 18 United States Code section 2114 has been construed by federal courts as requiring a specific intent to permanently deprive the victim of property. In construing federal statutes which contain common law terms, the United States Supreme Court has held that such language is to be given its common law meaning. (*United States v. Turley* (1957) 352 U.S. 407, 411 [1 L.Ed.2d 430, 433, 77 S.Ct. 397, 56 A.L.R.2d 1300].) In other situations where common law language has appeared in larceny type statutes, federal courts have held that the common law intent to deprive the victim of the property taken is an essential element of such laws. (*Morissette v. United States* (1952) 342 U.S. 246, 260-261 [96 L.Ed.288, 298-299, 72 S.Ct. 240]; *United States v. Thordarson* (9th Cir. 1981) 646 F.2d 1323, 1333; *United States v. Moore* (1970) 140 App.D.C. 309 [435 F.2d 113, 115]; *Government of Virgin Islands v. Carmona* (3d Cir. 1970) 422 F.2d 95, 98-99.) Although the statute does not define robbery, it has been held in connection with 18 United States Code section 2114, as follows: " '[T]he word "rob" is used in its common law sense, that is, it involves the taking, *animo furandi,* and asportation of property from the person from another against his will by violence or putting him in fear.' *Costner v. United States,* 139 F.2d 429, 431 (4th Cir. 1943) (citing *Harrison v. United States* 163 U.S. 140 [41 L Ed 104, 16 S.Ct. 961], [] (1896).)" (*United States v. Rodriguez* (7th Cir. 1991) 925 F.2d 1049, 1052.) ■ The terms *animo* or

---

[4]18 United States Code section 2113 (a) provided in relevant part at the time it was construed by the Court of Appeal in *People v. Enriquez, supra,* 159 Cal.App.3d at pages 4-5, as follows: "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or [¶] Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—[¶] Shall be fined not more than $5,000 or imprisoned not more than twenty years . . . ." Notably, the terms "rob" or "robbery" do not appear in 18 United States Code section 2113(a).

*animus furandi* are the common law phrases for the intent to permanently deprive a person of their property. (See *United States* v. *Northway* (1887) 120 U.S. 327, 335-336 [30 L.Ed. 664, 666-667, 7 S.Ct. 580]; *Abraham* v. *United States* (8th Cir. 1926) 15 F.2d 911, 912; *United States* v. *Sims* (C.C.N.D. Ala. 1907) 161 Fed. 1008, 1013; 67 Am.Jur.2d Robbery, § 17, pp. 70-71; 77 C.J.S., Robbery, § 22, pp. 462-463; Perkins, Criminal Law (3d ed. 1982) pp. 327-328; 3 Torcia, Wharton's Criminal Law (14th ed. 1980) § 360, p. 317.) ▮ Since both California's robbery statute and federal court interpretations of 18 United States Code section 2114 require the person committing the robbery or assault with the intent to rob which necessarily includes an attempted robbery to possess the intent to permanently deprive the victim of her or his property, defendant's argument that the enhancement pursuant to section 667, subdivision (a) must be stricken because his 1974 prior federal conviction would not be a serious felony under California law is without merit. Accordingly, insofar as the judgment imposes such a five-year enhancement, it is affirmed.

2., 3.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## V. DISPOSITION

The judgment is affirmed.

Ashby, J., and Boren, J., concurred.

Appellant's petitions for review by the Supreme Court were denied February 26, 1992.

---

*See footnote, *ante*, page 880.