[No. B069788. Second Dist., Div. Five. Oct. 8, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD PENALES GUERRERO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts IIA, IIB, and IID.

## Counsel

Mona D. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Linda C. Johnson and Lance E. Winters, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

TURNER, P. J.—

### I. Introduction

Defendant appeals his convictions for two counts of first degree burglary (Pen. Code, § 459)[1] plus one finding that he had previously experienced a serious felony conviction (§ 667, subd. (a)) and two findings he had served prior prison terms. (§ 667.5, subd. (b).) On appeal, he contends: (1) his due process and confrontation rights were violated; (2) there was instructional

---

[1]Unless otherwise indicated, all future statutory references are to the Penal Code.

error; and (3) there was insufficient evidence to support the enhancement findings. In the published portion of this opinion, we determine that there was substantial evidence to support the finding that he had previously been convicted of a serious felony. Although one of the prior prison term enhancements must be reversed, we reject all of defendant's other contentions.

## II. Discussion

### A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C.   *The prior serious conviction*

Defendant argues there was insufficient evidence his prior conviction for bank robbery was a serious felony under California law. In the information, it was alleged that defendant had previously been convicted of the crime of bank robbery and that such constituted a serious felony. Specifically, the pertinent language in the information stated: "It is further alleged in Count(s) 1 and 2 that said defendant(s), Edward Penales Guerrero, was on and about the 29th day of June, 1981, in the U.S. Central District Court of the State of California, convicted of a serious felony, to wit, BANK ROBBERY, case No. CR81-271(a), in violation of Section 18-2113(a) of the United States Code, within the meaning of Penal Code Section 667(a)." After the jury verdict was returned, defendant agreed to a court trial on the issue of the alleged prior serious felonies and prison terms. During the bench trial, the judgment of defendant's prior federal bank robbery conviction was introduced into evidence. It conformed to the allegations in the information in the present case and stated that defendant had been convicted of "robbery of a bank in violation of Title 18 U.S.C. § 2113(a) as charged in the First Superseding Information filed May 11, 1981," before Judge Robert M. Takasugi. Of material consequence to the issues in the present case, the federal judgment indicated defendant pled guilty. Additionally, there was a computer printout which confirmed that defendant had been convicted in the case number and on the dates alleged in the information filed in this case. Moreover, a United States Department of Justice, Bureau of Prisons, document indicated that defendant was serving a term as a result of his sentencing on the date alleged in the information in this case for the crime of "Bank Robbery."

Section 667, subdivision (a) provides an additional five-year enhancement if a defendant is convicted of a serious felony and has also previously experienced such a conviction. Section 667, subdivision (d) defines a " 'serious felony' " as one of the offenses listed in section 1192.7, subdivision

*See footnote, *ante*, page 401.

(c). Prior to 1989, section 1192.7, subdivision (c)(19) made no reference to bank robbery. Effective January 1, 1989, section 1192.7, subdivision (c) was amended to make "bank robbery" a serious felony. Section 1192.7, subdivision (c) now states in pertinent part: "As used in this section, 'serious felony' means any of the following: [¶] . . . (19) robbery or bank robbery . . . ." (Stats. 1988 ch. 432, § 2, pp. 1815-1816.) Section 1192.7, subdivision (d) was further amended effective January 1, 1989, and now contains the following definition as to what is meant by the crime "bank robbery" as it appears in subdivision (c): "As used in this section, 'bank robbery' means to take or attempt to take, by force or violence, or by intimidation from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association. [¶] As used in this subdivision, the following terms have the following meanings: [¶] (1) 'Bank' means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, and any bank the deposits of which are insured by the Federal Deposit Insurance Corporation. [¶] (2) 'Savings and loan association' means any federal savings and loan association and any 'insured institution' as defined in Section 401 of the National Housing Act, as amended, and any federal credit union as defined in Section 2 of the Federal Credit Union Act. [¶] (3) 'Credit union' means any federal credit union and any state-chartered credit union the accounts of which are insured by the Administrator of the National Credit Union Administration."

Title 18 United States Code section 2113(a), as it was in effect at the time defendant was convicted of bank robbery in United States District Court, stated: "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or [¶] Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny— [¶] Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both." (Act of June 25, 1948, ch. 645, 62 Stat. 796 as amended by Act of Aug. 3, 1950, ch. 516, 64 Stat. 394 and Act of Oct. 19, 1970, ch. 468, 84 Stat. 1017; see *Simpson* v. *United States* (1978) 435 U.S. 6, 7, fn. 1 [55 L.Ed.2d 70, 73, 98 S.Ct. 909].)

Prior to 1989, Courts of Appeal held that a prior felony bank robbery conviction was not a serious felony for purposes of a section 667, subdivision (a) enhancement. Various Courts of Appeal noted that a violation of 18 United States Code section 2113(a) did not require a specific intent to permanently deprive the victim of the property taken in the bank robbery. (*People* v. *Ellis* (1987) 195 Cal.App.3d 334, 339-343 [240 Cal.Rptr. 708]; *People* v. *Leever* (1985) 173 Cal.App.3d 853, 872-873 [219 Cal.Rptr. 581]; *People* v. *Enriquez* (1984) 159 Cal.App.3d 1, 3-5 [205 Cal.Rptr. 238].)[3] As a result, because the federal offense did not include the specific intent requirement, the courts in *Ellis*, *Leever*, and *Enriquez* reasoned it could not serve as a serious felony. This is because section 667, subdivision (a) contains the requirement that before a crime in another jurisdiction could be a serious prior felony, it was necessary that the offense contain all of the elements of "any serious felony" listed in section 1192.7, subdivision (c). To complicate matters, except for the decision in *People* v. *Bowie, supra*, 11 Cal.App.4th at pages 1266-1269, all of the other aforementioned cases which determined that federal bank robbery was not a serious felony applied the rule of *People* v. *Alfaro* (1986) 42 Cal.3d 627, 632-635 [230 Cal.Rptr. 129, 724 P.2d 1154], which held "that proof that a prior conviction was a 'serious felony' for the purpose of the five-year enhancement under sections 667 and 1192.7(c) was limited to matters necessarily established by the prior judgment of conviction." (*People* v. *Guerrero* (1988) 44 Cal.3d 343, 348 [243 Cal.Rptr. 688, 748 P.2d 1150].) However, the *Alfaro* holding was reversed later in *Guerrero*, where the Supreme Court held that in determining whether a prior conviction was a serious felony, it was appropriate to "look to the entire record of the conviction." (*Id.* at p. 355; accord, *People* v. *Burton* (1989) 48 Cal.3d 843, 863 [258 Cal.Rptr. 184, 771 P.2d 1270].) Moreover, *Ellis*, *Leever*, and *Enriquez* did not interpret the 1988 amendments to section 1192.7, subdivision (d) which define "bank robbery" in language that carefully tracks the words chosen by Congress in 18 United States Code section 2113(a).

■　　The obvious legislative intent was to make bank robbery a serious felony thereby avoiding the problems of proving specific intent which were the subject of discussion in the aforementioned cases which held that bank robbery was not a serious felony within the meaning of sections 667, subdivision (a), and 1192.7, subdivision (c). The Legislative Counsel's Digest of Senate Bill No. 1080 (4 Stats. 1988 (Reg. Sess.) Summary Dig., p.

---

[3]Two other cases of this division made reference to the holdings in these three cases which held that bank robbery could not be a serious prior felony conviction without directly addressing the correctness of those decisions. (*People* v. *Bowie* (1992) 11 Cal.App.4th 1263, 1266-1269 [15 Cal.Rptr.2d 22]; *People* v. *Hawkins* (1991) 1 Cal.App.4th 880, 884 [2 Cal.Rptr.2d 321].)

134) describes the purpose of the legislation as follows, "This bill would provide that 'serious felony' also includes bank robbery, as defined."

The 1988 amendment was the result of the adoption of Senate Bill No. 1080, introduced by Senator Boatright and also sponsored by Attorney General Van de Kamp. Introduced on March 4, 1987, the Legislative Counsel's Digest attached to the bill as originally proposed stated: "This bill would provide that 'serious felony' also includes bank robbery, as defined." (See Legis. Counsel's Dig., Sen. Bill No. 1080 (Mar. 4, 1987) p. 1.) The first committee report prepared for the initial hearing before the Senate Committee on Judiciary on January 12, 1988, restated the language appearing in the Legislative Counsel's Digest indicating the proposal would make bank robbery a serious felony. (Sen. Com. on Judiciary, Rep. on Sen. Bill No. 1080 (1987-1988 Reg. Sess.) p. 2.) An analysis prepared by the Office of Senate Floor Analyses on January 27, 1988, stated, "This bill also provides that 'bank robbery' is included in the definition of a 'serious felony' for enhancement purposes." (Office of Sen. Floor Analyses, Rep. on Sen. Bill No. 1080 (1987-1988 Reg. Sess.) p. 1.) A report prepared for the Assembly Committee on Public Safety hearing on May 23, 1988, stated, "*Purpose*. According to the sponsor, several California appellate courts have held that bank robbery, which is a violation of federal law, is not a serious felony for purposes of sentence enhancement since the federal offense does not include all the elements of a California robbery. The inclusion of bank robbery is necessary in order for a sentence to be enhanced for a prior conviction for this offense." (Rep. on Sen. Bill No. 1080 prepared for Assem. Com. on Public Safety (1987-1988 Reg. Sess.) p. 1; original italics.) The analysis prepared on June 20, 1988, for the Assembly Committee on Ways and Means stated: "This bill would provide that a prior conviction of bank robbery, for which the defendant was convicted under federal law, could be used to enhance a defendant's sentence for conviction of a subsequent 'serious felony'." (Analysis of Sen. Bill No. 1080 as amended June 16, 1988, prepared for Assem. Com. on Ways and Means (1987-1988 Reg. Sess.) p. 1.) Finally, the fiscal analysis prepared by the Legislative Analyst on June 21, 1988, stated: "*This bill* defines bank robbery as a serious felony. [¶] Currently, bank robbery is both a federal and state offense, although federal and state definitions of bank robbery differ . . . . [¶] This bill specifies that bank robbery, as defined in federal statute[s], is a 'serious felony.' This designation . . . allows judges to use convictions for bank robbery to enhance the sentences of persons convicted of subsequent serious felony convictions." (Legislative Analyst, Fiscal Analysis of Sen. Bill No. 1080 (1987-1988 Reg. Sess.) p. 1; original italics.)

Accordingly, a bank robbery within the meaning of 18 United States Code section 2113(a) can now be a serious felony. Insofar as the holdings of

*People* v. *Ellis, supra,* 195 Cal.App.3d at pages 339-343; *People* v. *Leever, supra,* 173 Cal.App.3d at pages 872-873; *People* v. *Enriquez, supra,* 159 Cal.App.3d at page 3, establish that bank robbery within the meaning of 18 United States Code section 2113(a) can never be a serious felony, they have been abrogated by the 1988 amendments to section 1192.7, subdivisions (c) and (d).

In any event, defendant contends that there was insufficient evidence that he had previously been convicted of bank robbery within the meaning of section 1192.7, subdivision (c)(19) because there was no evidence as to the manner of the bank robbery. Defendant reasons that the prosecution had the burden of proving that the taking of the property from the bank in the underlying felony was by means of force and violence. Defendant argues: "The federal bank robbery statute to which Appellant pled guilty in 1981 contains two prongs under 18 U.S.C., Section 2113(a): the first paragraph describes a bank robbery as a taking or attempt to take by force or violence or by intimidation from the person or presence of another, in language tracked by Penal Code Section 1192.7(d), while the second paragraph (also denominated 18 U.S.C. Section 2113(a)), which is an alternative form of bank robbery, states: [¶] Whoever enters or attempts to enter any bank or any savings and loan association, or any building used in whole or in part as a bank or as a savings and loan association, with the intent to commit in such bank or savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny . . . ." (Fn. omitted.) Defendant contends that the evidentiary record before the trial judge was such that the prosecutor never sustained his burden of proving that the taking was not a nonviolent larceny. Defendant argues: "Thus, there is *no* evidence in the record to show that Appellant's 1981 conviction was based on the first paragraph of 18 U.S.C. Section 2113(a) rather than the second or 'bank larceny' provision. . . . The Court was not entitled to presume that Appellant was convicted under the first paragraph of 18 U.S.C. Section 2113(a) rather than the second."

However, we agree with the Attorney General that, since defendant pled guilty in 1981 to the bank robbery charge, he has admitted that his conduct fell under the first paragraph of 18 United States Code section 2113(a) and thus conformed to the definition of the serious felony of bank robbery under California law. █ A guilty plea admits every element of the crime charged. (*People* v. *Thomas* (1986) 41 Cal.3d 837, 844, fn. 6 [226 Cal.Rptr. 107, 718 P.2d 94] [defendant's admission of a prior conviction was binding even if all of the elements of a serious felony were not actually present]; *People* v. *Stanworth* (1974) 11 Cal.3d 588, 604-605 [114 Cal.Rptr. 250, 522

P.2d 1058] [on appeal defendant cannot argue the sufficiency of the evidence as to a count to which he pled guilty].) In *People* v. *Tuggle* (1991) 232 Cal.App.3d 147, 153-157 [283 Cal.Rptr. 422], the defendant argued that there was insufficient evidence that his prior conviction involved the use of force or fear. However, the prosecution introduced evidence showing that the defendant in *Tuggle* had pled guilty to a charge of robbery. The defendant was charged with being an habitual offender pursuant to section 667.7, subdivision (a), which, in order for a robbery to serve as an underlying felony it was necessary that it involve the "use of force." In *Tuggle*, the defendant argued there was insufficient evidence that "force" was used because a plea to the charge of robbery merely involved a concession that the crime involved the use of "force or fear." As noted previously, section 667.7, subdivision (a) required that the crime involve the use of force. The defendant therefore reasoned that there was insufficient evidence he had previously committed a "robbery involving the use of force" (§ 667.7, subd. (a)) because it could have been either a robbery by means of force or fear. The Court of Appeal rejected that argument because the guilty plea in the underlying robbery admitted all of the elements of that crime, i.e., the robbery was deemed to have involved both force and fear. The *Tuggle* court relied upon the substantial California authority that a guilty plea admits all of the elements of an offense.[4] Similarly, in the present case, when defendant pled guilty to the bank robbery charge, he admitted all of the elements of the

---

[4]The rule that a guilty plea constitutes an admission of all of the elements of the charged offense is firmly established by California decisional authority. The California Supreme Court has in varying situations repeatedly held that a guilty plea constitutes an admission of all the elements of the crime charged in the information. (*People* v. *Alfaro*, *supra*, 42 Cal.3d 627, 636 [rule that guilty plea admits all the elements of the charge does not apply to something which is not an element]; *People* v. *Chadd* (1981) 28 Cal.3d 739, 748-750 [170 Cal.Rptr. 798, 621 P.2d 837] [defendant may not plead guilty in a capital case without the consent of counsel]; *People* v. *Martin* (1973) 9 Cal.3d 687, 693-694 [108 Cal.Rptr. 809, 511 P.2d 1161] [submission based upon preliminary hearing transcript even when tantamount to a guilty plea is materially different from guilty plea and defendant may litigate sufficiency of the evidence on appeal]; *People* v. *Ward* (1967) 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881] [defendant's guilty plea to murder does not establish degree]; *People* v. *Treloar* (1966) 64 Cal.2d 141, 144, fn. 1 [49 Cal.Rptr. 100, 410 P.2d 620] [general rule that guilty plea admits all of the elements of the offense has no application to trial where evidence not vigorously contested]; *People* v. *Jones* (1959) 52 Cal.2d 636, 650-651 [343 P.2d 577] [in death penalty case where defendants pled guilty and sought life sentences from the jury, they could not challenge the sufficiency of the evidence on appeal].) The Courts of Appeal have consistently held that a guilty plea to the charge in a felony complaint or information is an admission as to the truth of all of the elements of the charged offense. (*People* v. *Zamora* (1991) 230 Cal.App.3d 1627, 1635 [282 Cal.Rptr. 100] [guilty plea prohibits attack on proportionality of sentence because there was no certificate of probable cause]; *People* v. *Harris* (1987) 191 Cal.App.3d 819, 824 [236 Cal.Rptr. 680] [defendant has a right to testify]; *People* v. *Lobaugh* (1987) 188 Cal.App.3d 780, 785 [233 Cal.Rptr. 683] [sufficiency of evidence of § 12022.5 enhancement may not be litigated on appeal after guilty plea]; *People* v. *Turner* (1985) 171 Cal.App.3d 116, 125 [214 Cal.Rptr. 572] [guilty plea bars raising issue on appeal concerning sufficiency of evidence]; *People* v. *Jerome* (1984) 160 Cal.App.3d 1087, 1096 [207 Cal.Rptr.

offense which included a taking by force or a mere larceny. In other words, defendant admitted culpability under both paragraphs of 18 United States

199] [when information as alleged excluded one theory of liability, a plea to the charge did not constitute an admission of a theory of liability specifically not pled]; *People v. Witherow* (1983) 142 Cal.App.3d 485, 489-490 [190 Cal.Rptr. 899] [guilty plea waives extradition issues]; *People v. Suite* (1980) 101 Cal.App.3d 680, 689 [161 Cal.Rptr. 825] [by pleading guilty, defendant may not challenge sufficiency of evidence on appeal]; *People v. Billetts* (1979) 89 Cal.App.3d 302, 306 [152 Cal.Rptr. 402] [§ 1237.5 does not apply to probation violation admissions]; *People v. Podesto* (1976) 62 Cal.App.3d 708, 724 [133 Cal.Rptr. 409] [facts admitted pursuant to guilty plea were material evidence of seriousness of offense]; *People v. Waters* (1975) 52 Cal.App.3d 323, 332 [125 Cal.Rptr. 46] [after guilty plea defendant could not move to set aside the indictment]; *People v. Meals* (1975) 49 Cal.App.3d 702, 706 [122 Cal.Rptr. 585] [guilty plea precludes consideration of sufficiency of evidence on appeal]; *People v. Enos* (1973) 34 Cal.App.3d 25, 40-41 [109 Cal.Rptr. 876] [defendant's plea of guilty to prior uncharged offense barred litigating in a later trial his guilt of the prior crime when the prosecutor sought to use it as evidence pursuant to Evid. Code, § 1101, subd. (b)]; *People v. Sanchez* (1972) 24 Cal.App.3d 664, 693 [101 Cal.Rptr. 193], disapproved in *People v. Martin, supra*, 9 Cal.3d at pp. 693-695, fn. 8 [submission on preliminary examination transcript which is tantamount to guilty plea constitutes an admission of all of the elements of the offense]; *People v. Brown* (1971) 18 Cal.App.3d 1052, 1054-1055 [96 Cal.Rptr. 476] [plea bargain admits all elements of the offense]; *People v. Grand* (1971) 16 Cal.App.3d 27, 34 [93 Cal.Rptr. 658] [guilty plea bars litigating admissibility of confession]; *People v. Warburton* (1970) 7 Cal.App.3d 815, 820-821 [86 Cal.Rptr. 894] [nolo contendere plea has same effect as guilty plea and sufficiency of evidence before grand jury may not be raised on appeal]; *People v. Stewart* (1969) 1 Cal.App.3d 339, 343 [81 Cal.Rptr. 562] [sentence legitimately based on facts related by guilty plea]; *Arenstein v. California State Bd. of Pharmacy* (1968) 265 Cal.App.2d 179, 190 [71 Cal.Rptr. 357] [guilty plea in federal case binding in state disciplinary proceeding]; *People v. Herrera* (1967) 255 Cal.App.2d 469, 471 [63 Cal.Rptr. 96] [sufficiency of evidence may not be raised after a guilty plea]; *People v. Gannaro* (1963) 216 Cal.App.2d 25, 29 [30 Cal.Rptr. 711] [guilty plea unrelated to issues raised by a search or seizure]; *People v. Fleischer* (1963) 213 Cal.App.2d 481, 483 [28 Cal.Rptr. 827] [guilty plea waives jury trial right]; *People v. O'Neal* (1962) 204 Cal.App.2d 707, 708-709 [22 Cal.Rptr. 641] [alleged errors in connection with guilty plea may not be raised in motion to set aside the judgment]; *People v. Brown* (1961) 198 Cal.App.2d 232, 234-237 [17 Cal.Rptr. 789] [guilty plea bars raising statute of limitations issue on appeal]; *People v. Balthazar* (1961) 197 Cal.App.2d 227, 228 [17 Cal.Rptr. 58] [felony complaint was not insufficient because it was not sworn before a magistrate]; *People v. Parker* (1961) 196 Cal.App.2d 704, 708-709 [16 Cal.Rptr. 718] [corpus delicti rule unnecessary when defendant pleads guilty]; *People v. Evans* (1960) 185 Cal.App.2d 331, 334 [8 Cal.Rptr. 410] [inaccurate representation of a light sentence by other than state officers not a ground for setting aside plea]; *People v. Mullane* (1960) 182 Cal.App.2d 765, 768 [6 Cal.Rptr. 341] [issue concerning validity of search waived by plea]; *People v. Horton* (1959) 174 Cal.App.2d 740, 742 [345 P.2d 45] [testimony not needed for valid conviction; plea is sufficient to support judgment]; *People v. Johns* (1959) 173 Cal.App.2d 38, 42 [343 P.2d 92] [guilty plea obviated necessity of proving corpus delicti]; *People v. Wilkins* (1959) 169 Cal.App.2d 27, 34-35 [336 P.2d 540] [defendant's guilty plea in petty theft with a prior prosecution included admitting prior conviction]; *People v. Field* (1959) 168 Cal.App.2d 269, 272 [335 P.2d 733] [trial court did not abuse its discretion in refusing to allow defendant to withdraw his plea]; *People v. McDaniels* (1958) 165 Cal.App.2d 283, 284 [331 P.2d 450] [guilty plea encompassed the element of a prior conviction allegation in a petty theft with a prior prosecution]; *People v. Fritz* (1956) 140 Cal.App.2d 618, 622 [295 P.2d 449] [sufficiency of evidence may not be

Code section 2113(a) and he may not later relitigate the sufficiency of the evidence of the underlying felony conviction.

Further, defendant argues that bank robbery may not be a serious felony under California law because there is no requirement of a specific intent to permanently deprive the victim of the property under the federal statute. (See *People* v. *Bowie, supra*, 11 Cal.App.4th at pp. 1267-1268.) No doubt, the federal statute does not require a bank robbery within the meaning of 18 United States Code section 2113(a) to include a specific intent to permanently deprive the victim of the property. (*People* v. *Leever, supra*, 173 Cal.App.3d at pp. 872-873.) However, we conclude that the language utilized by the Legislature in California in amending section 1192.7, subdivisions (c) and (d), effective January 1, 1989, unequivocally demonstrated it was intended that the federal bank robbery statute, without its specific intent requirements, to be a serious felony for enhancement purposes. In section 1192.7, subdivision (c)(19) the Legislature chose to define a serious felony as "robbery or bank robbery . . . ." In section 1192.7, subdivision (d), the Legislature defined " 'bank robbery' " but never did so by requiring a specific intent. Defendant has cited us to no legislative intent materials which would suggest the Legislature in using language that carefully tracked the federal statute, which does not require a specific intent, desired to mandate that the prosecution prove that the prior conviction involve the intent to permanently deprive a victim of the property. In fact, the exact opposite conclusion is readily apparent—the Legislature obviously intended that 18 United States Code section 2113(a) be a serious felony. Accordingly, defendant's contention that bank robbery may not be a serious felony within the meaning of section 667, subdivision (a) thereby giving rise to a five-year period of incarceration is without merit.

raised in *coram nobis* proceeding]; *People* v. *Ayala* (1955) 138 Cal.App.2d 243, 247-248 [291 P.2d 517] [jeopardy attaches with guilty plea]; *People* v. *Alexander* (1955) 130 Cal.App.2d 529, 530-532 [279 P.2d 128] [no good cause was shown to allow plea to be withdrawn]; *People* v. *Cabral* (1954) 128 Cal.App.2d 693, 694 [275 P.2d 927] [issues concerning sufficiency of evidence become "nonexistent" upon entry of guilty plea]; *People* v. *Ottenstror* (1954) 127 Cal.App.2d 104, 109 [273 P.2d 289] [guilty plea to felony in municipal court obviates need for testimony in order to certify case to superior court]; *People* v. *Cooper* (1954) 123 Cal.App.2d 353, 356 [266 P.2d 566] [insufficient showing made to allow defendant to withdraw guilty plea after probation request denied]; *People* v. *Ward* (1953) 118 Cal.App.2d 604, 609 [258 P.2d 86] [no due process violation resulted from defendant's guilty plea]; *People v. Whitton* (1952) 112 Cal.App.2d 328, 333 [246 P.2d 60] [no need for a " 'trial on the merits' " when defendant pleads guilty]; *People* v. *McPheeley* (1949) 92 Cal.App.2d 589, 591 [207 P.2d 651] [commitment order to state prison sufficient]; *People* v. *Outcault* (1949) 90 Cal.App.2d 25, 29-30 [202 P.2d 602] [presumption of innocence does not apply after a guilty plea]; *People* v. *Marr* (1941) 46 Cal.App.2d 42, 43-44 [115 P.2d 206] [because guilty plea adjudicates all elements of offense, error in information as to location of crime does not warrant setting aside judgment]; *People* v. *Brown* (1934) 140 Cal.App. 616, 619 [36 P.2d 194] [guilty plea excuses need for proof of corpus delicti].)

D.  *There was substantial evidence defendant served two prior separate prison terms but not three such periods of confinement*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## III.  DISPOSITION

The judgment is modified by reversing the one-year enhancement pursuant to section 667.5, subdivision (b) because of defendant's prior federal prison term for escape and as modified, the judgment is affirmed.

Grignon, J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied October 28, 1993, and appellant's petition for review by the Supreme Court was denied January 20, 1994. Kennard, J., was of the opinion that the petition should be granted.

---

\*See footnote, *ante*, page 401.