Filed 2/24/15  P. v. Ybarra CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RUBEN YBARRA,<br><br>Defendant and Appellant. | C073604<br><br>(Super. Ct. No. 93F01290) |

Defendant Ruben Ybarra appeals from an order after judgment—entered nearly two decades after judgment was entered—denying his motion for a hearing to allow the trial court to reconsider the restitution fine previously imposed.  We conclude the order is not appealable and dismiss the appeal.

1

BACKGROUND

In 1993, defendant was convicted by jury of assault with a deadly weapon while confined in a state prison (Pen. Code, § 4501)[1] and possession of a sharp instrument while confined in a state prison (§ 4502). The jury also found defendant was previously convicted of a serious felony offense within the meaning of section 667, subdivision (a). The trial court sentenced defendant to serve an aggregate determinate term of nine years in state prison and imposed other orders, including an order to pay a restitution fine in the amount of $1,800. Defendant did not challenge imposition of this fine at the sentencing hearing and did not appeal from the judgment.

In 2013, defendant filed a motion in the trial court titled, "Motion for Restitution Hearing for Reconsideration of Ability to Pay and Constitutionality of Excessive Fines." The motion requested a hearing to allow the trial court to reconsider the restitution fine, asserting the trial court "failed to consider [his] ability to pay, as well as the prohibition against excessive fines, when it imposed the restitution fine" in 1993. The trial court denied the motion. Defendant appeals.

DISCUSSION

Section 1237 provides in relevant part: "An appeal may be taken by the defendant: [¶] (a) From a final judgment of conviction . . . . A sentence . . . shall be deemed to be a final judgment within the meaning of this section. . . . [¶] (b) From any order made after judgment, affecting the substantial rights of the party."

Defendant appeals from the trial court's denial of his post-judgment motion for a hearing to allow the trial court to reconsider the restitution fine previously imposed

---

[1] Undesignated statutory references are to the Penal Code.

2

at the 1993 sentencing hearing.  This is *not* an appeal from the sentence.  If it were, we would dismiss it as untimely.

In order to appeal from the sentence, a defendant must file a notice of appeal in the superior court within 60 days after rendition of judgment.  (Cal. Rules of Court, rules 8.304(a)(1), 8.308(a); see generally, § 1239, subd. (a).)  "A timely notice of appeal, as a general matter, is 'essential to appellate jurisdiction.'  [Citation.]  It largely divests the superior court of jurisdiction and vests it in the Court of Appeal.  [Citation.]  An untimely notice of appeal is 'wholly ineffectual:  The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal on motion or on its own motion.'  [Citation.]  The purpose of the requirement of a timely notice of appeal is, self-evidently, to further the finality of judgments by causing the defendant to take an appeal expeditiously or not at all."  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.)

Here, defendant did not file a notice of appeal within 60 days of sentencing on July 16, 1993, i.e., by September 14, 1993.  Instead, he waited nearly 20 years, filed a motion effectively asking the trial court to modify the restitution fine, and then appealed from the trial court's denial of this motion.  Accordingly, we must determine whether this denial constitutes an appealable order after judgment within the meaning of section 1237, subdivision (b).  As we have previously explained, and do so again immediately below, it does not.

In *People v. Turrin* (2009) 176 Cal.App.4th 1200 (*Turrin*), the defendant filed a motion in the trial court, 10 months after judgment was entered and while he was serving his sentence in state prison, seeking modification of three restitution fines.  (*Id*. at p. 1203.)  We held the trial court's order denying this motion was not an appealable post-judgment order because the trial court lacked jurisdiction to modify the restitution

3

fines after execution of sentence had begun, and therefore, the order denying the motion did not affect the defendant's substantial rights. (*Id*. at p. 1208.) As we explained, a trial court generally lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun. (*Id*. at p. 1204.) And while there are exceptions to this rule, i.e., (1) the "trial court may recall the sentence on its own motion within 120 days after committing a defendant to prison" under section 1170, subdivision (d), (2) the "trial court may correct a clerical error, but not a judicial error, at any time," and (3) "an unauthorized sentence may be corrected at any time," none of these exceptions applied in *Turrin*. (*Id*. at pp. 1204-1205.) First, the trial court "did not recall the sentence on its own motion and had no statutory authority to do so since section 1170, subdivision (d), requires the trial court to act within 120 days." Second, the defendant "did not seek correction of clerical error but instead he claimed judicial error." (*Id*. at p. 1206.) Finally, turning to the unauthorized sentence exception, we explained: "A defendant may not contest the amount, specificity, or propriety of an authorized order of a restitution fine for the first time on appeal [citing *People v. Crittle* (2007) 154 Cal.App.4th 368, 371; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469] let alone in a motion to modify the same in the trial court after it has lost jurisdiction. Defendant is contesting the amount and propriety of an authorized order of a restitution fine. Section 1202.4, subdivision (b), authorized the amounts imposed here. And defendant's motion raised a factual question about his ability to pay, not a pure question of law. The unauthorized-sentence exception to loss of jurisdiction does not apply here." (*Id*. at p. 1207.)

Our decision in *Turrin*, *supra*, 176 Cal.App.4th 1200, was followed in *People v. Mendez* (2012) 209 Cal.App.4th 32, where the defendant filed a similar motion more than three years after execution of sentence had begun. There, the Court of Appeal

4

added: "Indeed, it has been the law since long before *Turrin* that an order denying a motion to modify the judgment in a criminal case is not an appealable order." (*Id*. at p. 34, fn. 1, citing *People v. Cantrell* (1961) 197 Cal.App.2d 40, 43; *People v. Brattingham* (1928) 91 Cal.App. 527, 527-528; see also *People v. Fleischer* (1963) 213 Cal.App.2d 481, 484; *People v. Vaitonis* (1962) 200 Cal.App.2d 156, 158-159.)

Here, as in *Turrin*, none of the exceptions to loss of jurisdiction applies. The trial court did not recall the sentence on its own motion within 120 days. Defendant did not seek correction of a clerical error. And, contrary to defendant's argument on appeal, the trial court's imposition of the $1,800 restitution fine does not amount to an unauthorized sentence. Defendant argues it does because the restitution statute in effect at the time the fine was imposed (former Gov. Code § 13967 (as amended by Stats. 1992, ch. 682, § 4, pp. 2922-2923))[2] conditioned imposition of such a fine on a defendant's ability to pay, and the trial court made no such determination. Not so.

As we explained in *Turrin*: "'The unauthorized sentence exception is "a narrow exception" to the [forfeiture] doctrine that normally applies where the sentence "could not lawfully be imposed under any circumstance in the particular case," for example, "where the court violates mandatory provisions governing the length of confinement." [Citations.] The class of [non-forfeitable] claims includes "obvious

---

[2]    Former Government Code section 13967, subdivision (a), provided in relevant part: "Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code and to pay restitution to the victim in accordance with subdivision (c). In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than two hundred dollars ($200), subject to the defendant's ability to pay, and not more than ten thousand dollars ($10,000)."

legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further proceedings.'" [Citation.]" (*Turrin*, *supra*, 176 Cal.App.4th at p. 1205; see also *In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. 2 [stating that the correct legal term for loss of right based on failure to assert it in a timely fashion is forfeiture, not waiver].) And, as we held in *People v. Gibson*, *supra*, 27 Cal.App.4th 1466, a defendant's failure to object to a restitution fine forfeits the claim that the trial court failed to consider his ability to pay the fine. (*Id.* at p. 1467-1468.) As long as the fine imposed is within the range authorized by the statute (see *People v. Zito* (1992) 8 Cal.App.4th 736, 740-742 [victim restitution and restitution fine that exceeded $10,000 maximum set by pre-1990 law constituted an unauthorized sentence]), the fine is authorized in the sense that it could lawfully be imposed depending on the circumstances in the particular case, i.e., whether or not the defendant possesses the ability to pay.

Here, the $1,800 restitution fine was within the range authorized by former Government Code section 13967. Thus, the fine was not unauthorized. (See *People v. Avila* (2009) 46 Cal.4th 680, 729.) Because defendant's motion contested "the amount and propriety of an authorized order of a restitution fine[,] . . . [t]he unauthorized-sentence exception to loss of jurisdiction does not apply here." (*Turrin*, *supra*, 176 Cal.App.4th at p. 1207.) And because the trial court lacked jurisdiction to modify the restitution fine, its order denying defendant's motion "did not affect his substantial rights and is not an appealable postjudgment order." (*Id.* at p. 1208.) We therefore dismiss the appeal.

6

DISPOSITION

The appeal is dismissed.


                                    HOCH        , J.


We concur:


    NICHOLSON    , Acting P. J.


        ROBIE     , J.