[Crim. No. 3932.   First Dist., Div. Three.   Nov. 22, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. MANUEL M. BALTHAZAR, Defendant and Appellant.

228

Manuel M. Balthazar, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John L. Burton, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Defendant pleaded guilty in the municipal court to three felony charges, and admitted four prior convictions. The case was certified to the superior court, where he waived reference to the probation officer and asked for immediate sentence. He was committed to prison, and appeals from the judgment. The public defender, who had represented him in both trial courts, neither prepared nor joined in the notice of appeal. Defendant applied to this court for appointment of counsel. The justices of Division Two reviewed the file, determined that such appointment would not aid him or the court, and denied his request. Upon establishment of this division, the appeal was transferred here. Defendant has filed two briefs in which he shrewdly confines the issue to claimed technical deficiencies in the proceedings below.

[██] Contrary to defendant's contention, it is not necessary that the magistrate examine and take the depositions of witnesses. The code sections upon which he relies (Pen. Code §§ 811, 812) were repealed in 1951 (Stats. 1951, ch. 1674, p. 3834, § 26). ██ Upon a plea of guilty the magistrate must, as he did here, certify the case to the superior court (Cal. Const., art. I, § 8; Pen. Code, §§ 806, 859a). This procedure meets the due process requirements of both federal and state Constitutions (*People* v. *Zolotoff*, 48 Cal.App.2d 360, 366 [119 P.2d 745] ; *People* v. *Outcault*, 90 Cal.App.2d 25, 28 [202 P.2d 602]).

██ Similarly outmoded is defendant's claim that the complaint is defective because not sworn to before a magistrate. The oath may properly be administered by a deputy district attorney (15 Ops. Atty. Gen. 304), as was the case here.

██ Under the present statute (Pen. Code, § 806, as amended 1951) the complaint may be upon information or belief.

██ Throughout his arguments, defendant fails to recognize that his pleas of guilty resolved all issues against him by admitting every element of the crimes charged (*People* v.

*Jones,* 52 Cal.2d 636, 651 [343 P.2d 577] ; *People* v. *Ottenstror,* 127 Cal.App.2d 104, 109 [273 P.2d 289]).

Wholly lacking in merit are defendant's claims that his representation by the public defender was inadequate (see *People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457] ; *People* v. *Daigle,* 194 Cal.App.2d 340, 342 [15 Cal.Rptr. 53]), and that the record certified by the magistrate to the superior court is in some vague way defective.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 17, 1962.