[Crim. No. 14099.    Second Dist., Div. Three.    Sept. 26, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. ANTHONY
SALAZAR, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, Evelle J. Younger, District At-
torney, Harry Wood and Robert J. Lord, Deputy District
Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, and James L. Mc-
Cormick, Deputy Public Defender, for Defendant and Re-
spondent.

FORD, P. J.—This is an appeal by the People from an
order dismissing an information upon the ground that before
the filing thereof the defendant had not been legally com-
mitted by a magistrate. (Pen. Code, § 995.)

The person who signed the complaint as the "declarant and
complaintant" did not do so under oath but, in lieu of so
doing, above his signature he made the following statement:
"I declare under penalty of perjury that the foregoing is true
and correct."[1]  It is the defendant's position, which he

_____

[1]Section 2015.5, added to the Code of Civil Procedure in 1957, is
presently as follows: "Whenever, under any law of this state or under any
rule, regulation, order or requirement made pursuant to law, any matter

promptly asserted before the magistrate when the matter was called for the preliminary examination, that such unsworn statement was not a sufficient basis for a valid complaint.

It is not necessary that a complaint be sworn to before a magistrate; verification before a person authorized to administer an oath is sufficient. (*People* v. *Balthazar,* 197 Cal.App. 2d 227, 228 [17 Cal.Rptr. 58]; *People* v. *Mullaley,* 16 Cal. App. 44, 46 [116 P. 88].) ██ The question now presented for determination is whether the showing of probable cause may be made by means of an unsworn statement in the form for which provision is made in section 2015.5 of the Code of Civil Procedure. For reasons which we will state we hold that the required showing may validly be so made.

Section 806 of the Penal Code is in pertinent part as follows: "A proceeding for the examination before a magistrate of a person on a charge of an offense originally triable in a superior court must be commenced by written complaint *under oath* subscribed by the complainant and filed with the magistrate; . . . Such complaint may be *verified* on information and belief." (Italics added.) Article I, section 19, of the California Constitution, relating to the subject of searches and seizures, provides that ". . . no warrant shall issue, but on probable cause, supported by oath or affirmation, . . ." In article I, section 8, relating to criminal prosecutions, it is stated: ". . . When a defendant is charged with the commission of a felony, *by a written complaint subscribed under oath* and on file in a court within the county in which the felony is triable, he shall, without unnecessary delay, be taken before a magistrate of such court. . . . The foregoing provisions of this section shall be self-executing. *The Legislature may prescribe such procedure in cases herein provided for as is not inconsistent herewith. . . .*" (Italics added.)

A declaration made in accordance with section 2015.5 of the Code of Civil Procedure serves the same function as a sworn statement in that each acts as a vehicle to convey to the mag-

___

is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person stating the date and place of execution within this state and which is subscribed by him and certified or declared by him to be true 'under penalty of perjury,' which certification or declaration may be in substantially the following form: I certify (or declare) under penalty of perjury that the foregoing is true and correct.''

istrate the facts upon which reliance is placed as constituting a showing of probable cause (see *People* v. *Sesslin,* 68 Cal.2d, 418, 422-426 [67 Cal.Rptr. 409, 439 P.2d 321]) and each assures that the person stating the facts does so with an awareness of the grave responsibility he has assumed with respect to the truthfulness of his statement. Whether a case be presented to him by means of a sworn statement of facts or by means of a declaration of the nature of that here under consideration, the magistrate, in the exercise of his judgment, is free to require a further showing as to the existence of probable cause. The use of such a declaration is a procedural matter not inconsistent with the provisions of the California Constitution to which reference has been made. Such use is encompassed within the provisions of section 2015.5 of the Code of Civil Procedure since under the law probable cause is a matter "required . . . to be . . . evidenced, established, or proved by the . . . oath, or affidavit, in writing of the person making the same . . ." and hence is a matter as to which the procedural change therein authorized is applicable. Consequently, the use of an unsworn declaration in lieu of a sworn statement or affidavit in the present case was proper under the provisions of section 2015.5 of the Code of Civil Procedure. (See 34 Ops. Cal. Atty. Gen. 60.)

The order is reversed.

Cobey, J., and Moss, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 20, 1968.