[No. S115654. July 19, 2004.]

DHEERAJ KULSHRESTHA, Plaintiff and Appellant, v.
FIRST UNION COMMERCIAL CORPORATION et al., Defendants and
Respondents.

**COUNSEL**

Martin F. Jennings, Jr., Stephan Mandell and Leo Donahue for Plaintiff and Appellant.

Carlton, DiSante & Freudenberger, Mark S. Spring and Jeremy T. Naftel for Defendants and Respondents.

**OPINION**

**BAXTER, J.—** ██ Under limited statutory circumstances, written out-of-court statements, though hearsay, may serve as competent evidence of the facts set forth therein, and may be used in lieu of other competent evidence, such as live testimony given under oath in court. "[D]eclarations," for instance, are allowed to support and oppose motions for summary judgment.

(Code Civ. Proc., § 437c, subd. (b)(1) & (2).)[1] Critical here is section 2015.5, which defines a "declaration" as a writing that is signed, dated, and certified as true under penalty of perjury. In addition, section 2015.5 specifies that a declaration must *either* reveal a "place of execution" within California, *or* recite that it is made "under the laws of the State of California."

In this suit against a firm for which he briefly worked, the plaintiff sought to prevent summary judgment by filing a declaration under penalty of perjury that showed a "place of execution" *in another state.* (§ 2015.5.) Moreover, the document did not reference California's "laws." (*Ibid.*) The evidence was excluded, summary judgment was granted, and dismissal was affirmed on appeal.

We now decide if declarations signed under penalty of perjury outside this state satisfy section 2015.5, and are admissible in summary judgment and other authorized proceedings, even though the contents are not certified as true "under the laws of the State of California." The answer to this narrow question is no.

■ Section 2015.5 seeks to enhance the reliability of all declarations used as hearsay evidence by disclosing the sanction for dishonesty. Thus, the statute requires some acknowledgement on the face of the declaration that perjured statements might trigger prosecution *under California law.* The Legislature has determined that such knowledge can be inferred from the "place of execution" where the document shows it was signed here. (§ 2015.5.) All other declarations, including those signed in other states, must invoke "the laws of the State of California." (*Ibid.*) Indeed, when lawmakers added this phrase to section 2015.5 in 1980, it was deemed *necessary* to alert out-of-state declarants that California's perjury laws—which were made extraterritorial at the same time—might apply. (See Pen. Code, §§ 27, subd. (b), 118, subd. (a), 777b.) The lower courts correctly found the present declaration flawed in this regard. We will affirm the judgment.

### FACTS

In October 2000, Dheeraj Kulshrestha (petitioner) filed a complaint for damages in superior court against First Union Commercial Corporation and its subsidiary, The Money Store (defendants). The complaint alleged that defendants induced petitioner to move from Ohio to California by making false promises regarding a managerial position he accepted in November 1999. Petitioner claimed he would not have taken the job if he had known the

---

[1] All further statutory references are to the Code of Civil Procedure except as otherwise stated.

representations were untrue. The complaint further averred that because petitioner is "a male Indian of Hindu religion," defendants inadequately investigated a sexual discrimination charge that a female subordinate falsely made against petitioner, and wrongly terminated petitioner based on the same false charge in January 2000. The complaint contained four counts: fraud in the inducement, violation of Labor Code section 970 (barring false representations in job relocation offers), negligent misrepresentation, and discrimination based on race, sex, and/or religion.

In July 2001, after answering the complaint and conducting extensive discovery, defendants moved for summary judgment. The motion emphasized that no evidence supported certain elements of each cause of action, including fraudulent intent as to both fraud claims, material misstatements of fact as to the negligent misrepresentation claim, and either discriminatory intent or illegal termination as to the employment discrimination claim. In addition, evidence supporting the motion showed petitioner received the same job that he was offered, and that he was fired because he retaliated against the employee who brought the sexual discrimination charge.

Two weeks later, in August 2001, petitioner opposed the summary judgment motion. He mainly relied on his own declaration to describe relevant events. The last paragraph, which appeared immediately above petitioner's handwritten signature, said: "I declare under penalty of perjury that the above is true and correct, executed this 8th day of August 2001 at Columbus, Ohio."

Defendants replied, in part, by challenging petitioner's declaration. They claimed that because the declaration was not made "under the laws of the State of California," it violated section 2015.5 and could not be used to defeat summary judgment. According to the defense, the defect suggested artful drafting and a fear of California's perjury laws.

A hearing on the summary judgment motion and related matters occurred on August 29, 2001. The matter was then submitted. Several weeks later, on November 5, 2001, an order issued. First, the trial court sustained the objection to petitioner's declaration under section 2015.5. Second, the court granted summary judgment in defendants' favor, finding no admissible or substantial evidence to support the contested elements of each cause of action.

On November 14, 2001, petitioner sought to vacate summary judgment under section 473, subdivision (b). Petitioner did not dispute that his declaration was not made "under the laws of the State of California." However, petitioner maintained that through mistake or other excusable circumstance, counsel overlooked the omission, and forgot to offer to amend the declaration

at the summary judgment hearing. Claiming triable issues existed on at least the two fraud counts, petitioner sought to file an amended declaration, to vacate the order granting summary judgment, and to obtain a trial on the merits.

In opposition, defendants maintained that petitioner and his counsel had no excuse for submitting the declaration in its initial form, and for waiting so long to offer to insert the missing statutory phrase. Defendants further claimed, among other things, that there was no evidence of fraudulent intent even assuming the trial court reconsidered its summary judgment ruling in light of petitioner's amended declaration. Finding no excusable neglect or other basis for relief, the trial court denied petitioner's motion under section 473, subdivision (b). Judgment was entered for the defense on April 29, 2002.

On appeal, petitioner challenged dismissal of his action insofar as it stemmed from the trial court's related decisions to strike his declaration and to grant summary judgment. Mounting a more vigorous defense of his declaration than before, petitioner argued that it "substantially complied" with section 2015.5, and that the trial court erred in not considering it in opposition to summary judgment. The Court of Appeal disagreed and affirmed the judgment. As noted, we granted review to decide whether declarations signed outside California must state they were made "under the laws of the State of California" in order to satisfy section 2015.5 and to be used as evidence.

## DISCUSSION

■ In judicial proceedings, the trustworthiness of the evidence and the reliability of the factfinding process depend upon the notion that persons who possess relevant information appear in court and undergo cross-examination. (See Evid. Code, § 711 [statutory right to confront witnesses].) Such live testimony is conditioned, among other things, on the witness's capacity to understand the duty to tell the truth (*id.*, § 701, subd. (a)(2)), and on his promise under oath or penalty of perjury to testify truthfully. (*Id.*, § 710; see *id.*, § 165 [broadly defining oath]; Code Civ. Proc., § 2094, subds. (a) & (b) [describing form of oath]; Pen. Code, §§ 118–129 [punishing perjury].) These rules convey the need for honesty and the sanction for false testimony. They also enhance credibility determinations. (See *California v. Green* (1970) 399 U.S. 149, 158 [26 L.Ed.2d 489, 90 S.Ct. 1930].)

■ Any statement not made by a witness testifying in court before the *fact finder constitutes* hearsay evidence when offered for its truth. (Evid. Code, § 1200, subd. (a).) Largely because the declarant is absent and unavailable for cross-examination under oath, hearsay evidence is less reliable than live testimony. (1 Jefferson, Cal. Evidence Benchbook (Cont.Ed.Bar

3d ed. 2004) Hearsay and Nonhearsay Evidence, § 1.4, p. 5; see *Crawford v. Washington* (2004) 541 U.S. 36, 50–56 [158 L.Ed.2d 177, 192–196, 124 S.Ct. 1354] [limiting use in criminal trials of affidavits and other "testimonial" hearsay not subject to cross-examination].) Hearsay evidence is generally incompetent and inadmissible without statutory or decisional authorization, or absent stipulation or waiver by the parties. (See Evid. Code, § 1200, subd. (b); *In re Cindy L.* (1997) 17 Cal.4th 15, 26–27 [69 Cal.Rptr.2d 803, 947 P.2d 1340]; *Windigo Mills v. Unemployment Ins. Appeals Bd.* (1979) 92 Cal.App.3d 586, 597 [155 Cal.Rptr. 63].)

Nevertheless, in limited kinds of judicial proceedings, hearsay evidence—especially written statements—may serve as the sole or primary evidence of relevant facts. Such is the case with "motion[s]" (§ 2009), including motions for summary judgment. (See § 437c, subds. (a) & (c) [summary judgment determines whether action has merit as matter of law and whether trial is necessary]; *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 [107 Cal.Rptr.2d 841, 24 P.3d 493] [same].)

In particular, the summary judgment statute authorizes "affidavits" and "declarations" to support and oppose such motions. (§ 437c, subd. (b)(1) & (2); see 1 Jefferson, Cal. Evidence Benchbook, *supra,* Miscellaneous Hearsay Exceptions, § 18.23, p. 255 [summary judgment statute creates hearsay exception].) The same statute also places certain limits on the admissibility of affidavits and declarations. (§ 437c, subd. (d) [contents must be based on personal knowledge and be otherwise admissible]; see *City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 88 [260 Cal.Rptr. 520, 776 P.2d 222].)

Other provisions regulating the content of affidavits and declarations appear elsewhere in the Code of Civil Procedure. Since 1872, an affidavit has been defined as "a written declaration under oath" (§ 2003), taken before "any officer authorized to administer oaths." (§ 2012; see §§ 2013–2014, 2093 [officers]; 6 Witkin, Cal. Procedure (4th ed. 1997) Provisional Remedies, § 2, p. 25.) As with live testimony, the oath-taking procedures for affidavits help prevent perjury. (*Clifton v. Superior Court* (1970) 7 Cal.App.3d 245, 254 [86 Cal.Rptr. 612].)

In 1957, the Legislature enacted section 2015.5, authorizing declarations under penalty of perjury. (Stats. 1957, ch. 1612, § 1, p. 2959.) Lawmakers expressed concern that the oath-and-affidavit procedure was both cumbersome and widely ignored. (Sen. Judiciary Com. Rep. (1957) 1 Appen. to Sen. J. (1957 Reg. Sess.) pp. 175–176.) Declarations serve as a more streamlined means of ensuring that the witness understands "the grave responsibility he has assumed with respect to the truth[]." (*People v. Salazar* (1968) 266 Cal.App.2d 113, 115 [71 Cal.Rptr. 894].)

■ Thus, with certain exceptions not relevant here, and subject to the conditions discussed below, section 2015.5 allows use of "unsworn" declarations made under penalty of perjury whenever state law "require[s] or permit[s]" facts to be evidenced by affidavits or other "sworn" statements. A valid declaration has the same "force and effect" as an affidavit administered under oath. (*Ibid.*)[2]

Against this backdrop, petitioner argues here, as below, that his declaration "substantially complies" with section 2015.5 despite its failure to invoke "the laws of the State of California." (See *Stasher v. Harger-Haldeman* (1962) 58 Cal.2d 23, 29 [22 Cal.Rptr. 657, 372 P.2d 649] [document substantially complies with statute where it meets all "essential" statutory aims notwithstanding "mere technical imperfections of form"].) A declaration is competent hearsay under this view even though it was signed in another state by someone who showed no awareness that his statements might violate California's perjury laws or trigger prosecution here.

■ The plain statutory language defeats this claim. Section 2015.5 first provides that an unsworn declaration "executed . . . *without this state*" is competent and admissible to the same extent as an affidavit or other sworn statement if the unsworn declaration includes four elements: (1) a certification or declaration that it is "true under penalty of perjury," (2) the "subscri[p-tion]" of the declarant, (3) a statement of the "date of execution,"

---

[2] Section 2015.5 states: "Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person *which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and* (1), *if executed within this state, states the date and place of execution, or* (2), *if executed at any place, within or without this state, states the date of execution and that it is so certified or declared **under the laws of the State of California**. The certification or declaration may be in substantially the following form*:

"(a) If executed within this state: [¶] 'I certify (or declare) under penalty of perjury that the foregoing is true and correct':

| | |
|---|---|
| (Date and Place) | (Signature) |

"(b) If executed at any place, within or without this state: [¶] 'I certify (or declare) under penalty of perjury **under the laws of the State of California** that the foregoing is true and correct':

| | |
|---|---|
| (Date) | (Signature)" |

(Italics and boldface added.)

and (4) a statement that such certification or declaration occurs *"under the laws of the State of California."* (Italics added.) Nothing suggests that the fourth item is pointless or optional. ■ To the contrary, courts may not excise words from statutes. (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) We assume each term has meaning and appears for a reason. (*Id.* at pp. 798–799.) Far from being surplusage, the statutory phrase that petitioner ignored discloses California's interest in preventing and punishing perjury even as to documents signed outside the state. ■ It seems clear that out-of-state declarations offend section 2015.5, and are not deemed sufficiently reliable for purposes of that statute, unless they follow its literal terms.

■ We find further support in section 2015.5's description of declarations "executed *within* this state." (Italics added.) Under the foregoing rules of construction, in-state declarations must satisfy the same substantive requirements as their out-of-state counterparts, including an express facial reference to California's perjury law. The latter requirement is met in one of two alternative ways: (1) by stating the "place of execution" in California, or (2) by stating that the certification or declaration under penalty of perjury occurs "under the laws of the State of California." (*Ibid.*) Thus, where the face of the declaration shows execution occurred in California, the statute presumes the declarant's knowledge that the act triggers California law—i.e., that such understanding is adequately expressed by naming the "place of execution" within this state. (*Ibid.*) Otherwise, the Legislature sought explicit reference to California's "laws" even from persons who signed their declarations here. (*Ibid.*) It follows that where a California site *cannot* be named because the declaration was signed elsewhere, the declarant is deemed to know that California law applies only if he explicitly invokes such law.

■ Finally, the language of section 2015.5 indicates that unsworn declarations used in lieu of affidavits or other sworn statements may follow the format appearing in exemplars (a) and (b). Exemplar (a), which is limited to declarations executed "within" California, shows that the document is signed, dated, and made under penalty of perjury at a particular place. Exemplar (b) more broadly covers declarations signed "within or without" this state, including those not showing a place of execution in California and those showing they were signed in other states. Consistent with the view that out-of-state declarations cannot forgo such language, exemplar (b) recites, in the line above the signature and date, that the statements are certified or declared true under penalty of perjury "under the laws of the State of California." (§ 2015.5.) As to each sample declaration, section 2015.5 allows the prescribed contents to appear in "substantially" the same "form" on the printed page. However, it seems no item can be omitted altogether.

According to petitioner, such a construction conflicts with the relaxed manner in which section 2015.5 has been judicially construed. He suggests that under the approach taken by the Courts of Appeal, the flaw in his declaration is de minimis, and does not threaten its reliability or admissibility as evidence on summary judgment. He is wrong.

 Based on the plain meaning of the statute, and consistent with the legislative history discussed below, the courts have made clear that a declaration is defective under section 2015.5 absent an express facial link to California or its perjury laws.[3] At least one case has criticized a document prepared in another state because it was not made under California law as required by section 2015.5.[4] No state court decision approves a declaration under circumstances similar to those present here. Contrary to what petitioner implies, courts do not find compliance with section 2015.5 to be both substantial and sufficient unless all statutory conditions appear on the face of the declaration in some form.[5] Petitioner ignores treatises warning counsel to follow these strict rules.[6]

---

[3] *California Assn. of Highway Patrolmen v. Department of Personnel Admin.* (1986) 185 Cal.App.3d 352, 359, footnote 4 [229 Cal.Rptr. 729] (declaration lacked place and date of execution); *Witchell v. De Korne* (1986) 179 Cal.App.3d 965, 974–975 [225 Cal.Rptr. 176] (declaration's defects included no place of execution); *Baron v. Mare* (1975) 47 Cal.App.3d 304, 308, and footnote 2 [120 Cal.Rptr. 675] (declaration identified venue of action, but failed to state place of execution, among other defects); *People v. United Bonding Ins. Co.* (1969) 272 Cal.App.2d 441, 443, 446 [77 Cal.Rptr. 310] (declaration lacked place and date of execution); *People v. United Bonding Ins. Co.* (1966) 240 Cal.App.2d 895, 896, footnote 2 [50 Cal.Rptr. 198] (declaration lacked place and date of execution); see *Stockinger v. Feather River Community College* (2003) 111 Cal.App.4th 1014, 1026 [4 Cal.Rptr.3d 385] (declaration lacked signature); *Dodge v. Free* (1973) 32 Cal.App.3d 436, 441–444 [108 Cal.Rptr. 311] (declaration lacked date and signature); *Palm Springs Alpine Estates, Inc. v. Superior Court* (1967) 255 Cal.App.2d 883, 888 [63 Cal.Rptr. 618] (declaration not made "under penalty of perjury"); *Truslow v. Woodruff* (1967) 252 Cal.App.2d 158, 163–164 [60 Cal.Rptr. 304] (same).

[4] *Myzer v. Emark Corp.* (1996) 45 Cal.App.4th 884, 890, and footnote 4 [53 Cal.Rptr.2d 60] (although defect was cured by stipulation, document was improperly made "under the laws of the State of Illinois," not under California law as required by § 2015.5).

[5] *People v. Pacific Land Research Co.* (1977) 20 Cal.3d 10, 21, footnote 11 [141 Cal.Rptr. 20, 569 P.2d 125] (place of execution established where declarant's address appeared near signature); *People v. Pierce* (1967) 66 Cal.2d 53, 58–59 [56 Cal.Rptr. 817, 423 P.2d 969] (§ 2015.5 satisfied even though declaration differed in format from exemplar); *Hirschman v. Saxon* (1966) 246 Cal.App.2d 589, 593 [54 Cal.Rptr. 767] (same).

[6] Commentators stress that declarations must "conform strictly" to section 2015.5 (1 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 3d ed. 2003) § 9.28, p. 277), and must use all "essential" statutory language. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2003) ¶ 9:48, p. 9(1)-24.) These treatises provide sample forms directing declarations to be made " 'under the laws of the State of California' " where, as here, execution in California is not shown. (2 Cal. Civil Procedure Before Trial, *supra,* § 44.20, p. 1486; Weil & Brown, *supra,* ¶ 9:48, p. 9(1)-24.) Also, the Judicial Council of California has approved an identical form bearing the language that petitioner failed to use. (2 Cal. Judicial Council Forms (2004) Declaration, Form MC-030.)

Petitioner seeks to excuse the variation between his declaration and the statutory language in light of the legislative history. He contends that section 2015.5 is based on an analogous federal statute, that declarations are admissible in federal court under circumstances similar to those present here, and that we should adopt the same approach under state law. Petitioner's historical analysis is incomplete. To confirm our view of the statute, we describe the circumstances under which section 2015.5 became law.[7]

Before 1980, section 2015.5 required declarations to be signed and dated, to be made under penalty of perjury, and to show a place of execution either in California or in "any other state permitting declarations under penalty of perjury." (Former § 2015.5, as amended by Stats. 1975, ch. 666, § 1, p. 1456, operative Jan. 1, 1977.) At that time, Penal Code section 118 defined perjury to include certain false statements "declare[d]" true "under penalty of perjury." (Pen. Code, former § 118, as amended by Stats. 1957, ch. 1612, § 2, p. 2959.) However, no pre-1981 law explicitly addressed whether the perjury statute covered such statements if they appeared in declarations subscribed outside of California.

In 1980, Senator Sieroty introduced Senate Bill No. 1615 (1979–1980 Reg. Sess.), sponsored by the State Bar of California. The bill arose over concern that the bench and bar distrusted unsworn declarations signed outside the state because California's perjury law lacked clear extraterritorial effect. Lawmakers thought that persons signing statements under the perjury laws of other states had less reason to tell the truth. The bill sought to end these "restrictions," and relieve counsel of the greater cost and burden of obtaining sworn affidavits from witnesses outside the state. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1615 (1979–1980 Reg. Sess.) as introduced Feb.

---

[7] At oral argument, defense counsel insisted that we need not, and should not, consult section 2015.5's history, because the statute is unambiguous on its face. However, as our cases make clear, courts may always test their construction of disputed statutory language against extrinsic aids bearing on the drafters' intent. (*Olmstead v. Arthur J. Gallagher & Co.* (2004) 32 Cal.4th 804, 813 [11 Cal.Rptr.3d 298, 86 P.3d 354]; *In re Eddie M.* (2003) 31 Cal.4th 480, 497 [3 Cal.Rptr.3d 119, 73 P.3d 1115].) This principle assumes greater relevance where, as here, the parties accept the statute's literal terms but strongly dispute whether they are directory or mandatory. In particular, petitioner claims that even though section 2015.5 plainly seems to compel out-of-state declarants to reference California's perjury laws, his failure to do so does not affect the validity of his declaration or prevent a finding of substantial statutory compliance here. This argument essentially requires us to decide whether the Legislature meant each and every word in section 2015.5—a conclusion the history leads us to reach.

28, 1980, p. 2; accord, Assem. Com. on Criminal Justice, Analysis of Sen. Bill No. 1615 (1979–1980 Reg. Sess.) as introduced Feb. 28, 1980, p. 2.)

Senate Bill No. 1615 tackled these concerns in two ways. First, the Legislature clarified *its intent to give the perjury laws extraterritorial effect* under certain circumstances. Hence, the definition of perjury in Penal Code section 118 was expanded to include statements and declarations "made or subscribed . . . without" California for use in California proceedings. (*Id.*, subd. (a); see Stats. 1980, ch. 889, § 3, p. 2790.)[8] In a related vein, Penal Code section 27, which concerns criminal jurisdiction, made perjury punishable "when committed outside of California to the extent provided in Section 118." (*Id.*, § 27, subd. (b), added by Stats. 1980, ch. 889, § 2, p. 2789.) Likewise, section 777b was added to the Penal Code. It concerns proper venue for actions involving perjury "committed outside of the State of California." (*Ibid.*, added by Stats. 1980, ch. 889, § 4, p. 2790.)

Second, Senate Bill No. 1615 amended section 2015.5, and produced the statute in its current form. As noted, it permits use of declarations signed outside California if, among other things, the declarant certifies the truth of his statements *both* "under penalty of perjury" *and* "under the laws of the State of California." (*Id.*, as amended by Stats. 1980, ch. 889, § 1, p. 2789, operative July 1, 1981.) The amendment also deleted all reference to the perjury laws of other states.

The statutory phrase at issue here received much attention during the passage of Senate Bill No. 1615. As *first* introduced, the amendment to section 2015.5 was virtually identical in both substance and form to the federal declaration statute, 28 United States Code section 1746. This similarity was intentional. Citing the federal statute, which allows use of unsworn declarations in federal court "regardless of whether [they were] executed

---

[8] Penal Code section 118 states: "(a) Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law *of the State of California* be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law *of the State of California* under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury. [¶] *This subdivision is applicable whether the statement, or the testimony, declaration, deposition, or certification is made or subscribed within or without the State of California.* [¶] (b) No person shall be convicted of perjury where proof of falsity rests solely upon contradiction by testimony of a single person other than the defendant. Proof of falsity may be established by direct or indirect evidence." The italicized language was added in 1980. (*Stats.* 1980, ch. 889, § 3, p. 2790.)

within or outside the United States," state lawmakers emphasized their intent to admit unsworn declarations in state court even if they were signed outside the state. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1615 (1979–1980 Reg. Sess.) as introduced Feb. 28, 1980, p. 3; Assem. Com. on Criminal Justice, Analysis of Sen. Bill No. 1615 (1979–1980 Reg. Sess.) as introduced Feb. 28, 1980, p. 2.)[9]

Like the federal statute, amended section 2015.5, as originally proposed, first stated that an unsworn declaration would be competent and admissible to the same extent as an affidavit or other sworn statement if the unsworn declaration included three elements: (1) a certification or declaration that it was "true under penalty of perjury," (2) a statement of the "date of execution," and (3) the "subscri[ption]" of the declarant. (Sen. Bill No. 1615 (1979–1980 Reg. Sess.) as introduced Feb. 28, 1980.)[10] Then, in a manner

---

[9] The federal statute was enacted in 1976, about four years before the relevant changes to section 2015.5 were made. (See Act of Oct. 18, 1976, Pub.L. No. 94-550, § 1(a), 90 Stat. 2534.) Now, as then, 28 United States Code section 1746 reads as follows: "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person *which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form*:

"(1) If executed without the United States: 'I declare (or certify, verify, or state) under penalty of perjury **under the laws of the United States of America** that the foregoing is true and correct. Executed on (date).

(Signature)'.

"(2) If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)'."

(Italics and boldface added.)

[10] As first introduced, the amendment to section 2015.5 proposed in Senate Bill No. 1615, read as follows: "Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person *which recites that it is certified or declared by him or her to be true under penalty of perjury, states the date of execution and is subscribed by him or her. The certification or declaration may be in substantially the following form*:

also parallel to the federal law, the original proposed amendment of section 2015.5 separately indicated that the unsworn declaration *"may* be in *substantially* the following form," and set forth exemplars (a) (for a declaration executed "within this state") and (b) (for a declaration executed "at any place"). (Italics added.) Exemplar (a) included a declaration or certification "under penalty of perjury," while exemplar (b) added the further words "under the laws of the State of California." (Sen. Bill No. 1615 (1979–1980 Reg. Sess.) as introduced Feb. 28, 1980.)

Faced with the original draft, the Assembly complained that amended section 2015.5 did not seem "mandatory" insofar as it proposed that declarations signed outside the state should be made *"under the laws of the State of California."* (Assem. Com. on Criminal Justice, Analysis of Sen. Bill No. 1615 (1979–1980 Reg. Sess.) as introduced Feb. 28, 1980, p. 2.) The same report expressed concern that unless the amended statute *departed from the federal model* and unequivocally *required* such language, then (1) declarants would lack "notice" of related changes extending the reach of California's perjury laws, (2) any attempt to hold such persons "criminally liable" for perjury in California might fail, (3) no "effective deterrent" to perjury in out-of-state declarations would exist, and (4) such evidence would be less "reliab[le]." (Sen. Bill No. 1615 (1979–1980 Reg. Sess.) as introduced Feb. 28, 1990.)[11]

---

"(a) If executed within this state: [¶] 'I certify (or declare) under penalty of perjury that the foregoing is true and correct':

_____ _____
(Date) (Signature)

"(b) If executed at any place, within or without this state: [¶] 'I certify (or declare) under penalty of perjury **under the laws of the State of California** that the foregoing is true and correct':

_____ _____
(Date) (Signature)"

(Sen. Bill No. 1615 (1979–1980 Reg. Sess.) as introduced Feb. 28, 1980, original italics omitted, italics and boldface added.)

[11] As noted, the Assembly assumed that the federal statute does not *compel* declarations signed outside the country to be made "under the laws of the United States of America." (28 U.S.C. § 1746(1).) In light of federal cases decided *after* section 2015.5's enactment, the Assembly's concern on this point has proven well-founded. (E.g., *Commodity Futures Trading Com'n v. Topworth Int'l* (9th Cir. 2000) 205 F.3d 1107, 1112 [declaration "substantially compli[es]" with 28 U.S.C. § 1746(1) insofar as contents are declared true under " 'laws of Hong Kong or any applicable jurisdiction' "]; *LeBoeuf, Lamb, Greene & Macrae, L.L.P. v. Worsham* (2d Cir. 1999) 185 F.3d 61, 65–66 [declaration "substantially complies" with 28 U.S.C. § 1746(1) even though it does not mention " 'laws of the United States,' " among other things]; *Olympic Chartering v. Ministry of Ind. and Trade* (S.D.N.Y. 2001) 134 F.Supp.2d 528, 532, footnote 2 [similar]; *Matsuda v. Wada* (D.Hawaii 1999) 101 F.Supp.2d 1315, 1322–1323 [similar].)

The Assembly proposed to change one word in the original draft of amended section 2015.5. (Sen. Bill No. 1615 (1979–1980 Reg. Sess.) as amended June 10, 1980 [declarant "shall," not "may," use exemplars (a) and (b)].) The Senate rejected the amendment (7 Sen. J. (1979–1980 Reg. Sess.) p. 13305), and the bill was sent to a conference committee. (7 Sen. J. (1979–1980 Reg. Sess.) p. 13309; 10 Assem. J. (1979–1980 Reg. Sess.) p. 18042.)

Taking a bolder approach, the conference committee apparently decided that declarations used in California courts, particularly those signed outside the state, would not be sufficiently trustworthy absent an express, mandatory reference to California law. Hence, in a significant departure from both amended section 2015.5 as first proposed, and from 28 United States Code section 1746(1), on which such proposal was based, the conference committee recommended that section 2015.5 be expanded to include *the language at issue here* not only in a permissive exemplar, but also in the statute's *substantive statement* of the *requirements* for an unsworn declaration. The conference committee's amended language provided that, unless a "place of execution" within this state is shown, a declaration "executed at any place, within or without this state," must recite that it is made under penalty of perjury "under the laws of the State of California." (Conf. Amend. to Sen. Bill No. 1615 (1979–1980 Reg. Sess.) Aug. 20, 1980.) Both houses of the Legislature adopted the conference committee's proposal, and the bill ultimately became law. (8 Sen. J. (1979–1980 Reg. Sess.) pp. 14001–14002, 14201; 11 Assem. J. (1979–1980 Reg. Sess.) pp. 18672–18673.)

Thus, contrary to what petitioner implies, the Legislature *rejected* the version of section 2015.5 patterned upon federal law and set forth in Senate Bill No. 1615 as first introduced. Concerned that California's perjury laws might not apply and that the reliability of such evidence would suffer as a result, state lawmakers insisted that unsworn declarants invoke "the laws of the State of California" when executing their declarations outside this state. A declaration signed in another state does not serve these aims or substantially comply with section 2015.5 unless it contains the critical words that petitioner failed to use.

Petitioner last defends his declaration with the following argument: Any declaration sufficient in form to sustain a perjury charge under Penal Code section 118 is necessarily valid and admissible under Code of Civil Procedure section 2015.5. Conversely, any declaration that is defective and inadmissible under the latter statute cannot support conviction under the perjury statute. Unless an out-of-state declaration is found to "substantially comply" with section 2015.5 despite the phrase missing here, we risk weakening the perjury sanction by exempting from prosecution flawed declarations that otherwise violate the law.

As a threshold matter, petitioner offers little support for his theory that the evidentiary requirements for declarations mirror the conviction requirements for perjury. Indeed, he overlooks certain authorities that test this assumption.[12]

However, we need not decide whether, in order to sustain a California perjury conviction, a declaration signed outside the state must be made "under the laws of the State of California." The critical concern here is that such language is necessary for validity and admissibility purposes. When the Legislature clarified the extraterritorial reach of the perjury statute, it also sought to enhance the trustworthiness of out-of-state unsworn declarations used in California proceedings by maximizing the declarant's specific understanding that his false promises to tell the truth carried the potential for criminal prosecution *in California*. After conscious reflection on the issue, the Legislature achieved this purpose by inserting a *requirement* that, whenever an unsworn declaration was made elsewhere for use here, the document must acknowledge, on its face, that the statements it contained were made under penalty of *California's* "laws." We can only conclude that an out-of-state declaration which materially deviates from section 2015.5 in this regard cannot be used as evidence.

---

[12] Penal Code section 121 ("It is no defense to a prosecution for perjury that the oath was administered or taken in an irregular manner"); see *id.*, sections 7 ("oath" includes "declaration"), 119 ("oath" includes "every other mode authorized by law of attesting the truth"); *People v. Laws* (1981) 120 Cal.App.3d 1022, 1030–1031 [178 Cal.Rptr. 102] (declaration supported perjury conviction even though contents were not declared "true" as required by § 2015.5); *In re Marriage of Reese & Guy* (1999) 73 Cal.App.4th 1214, 1223 [87 Cal.Rptr.2d 339] (" 'The oath or declaration must be in such form that criminal sanctions of perjury *might* apply where material facts so declared to be true, are in fact not true or are not known to be true,' " italics added).

### Conclusion

The Court of Appeal did not err insofar as it affirmed the trial court's decision excluding petitioner's declaration under section 2015.5.

We affirm the judgment.

George, C. J., Kennard, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.