Filed 8/17/15  P. v. Horton CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061560 |
| v. | (Super.Ct.No. RIF1201844) |
| JAMES CHAD HORTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mac R. Fisher, Judge.

Affirmed with directions.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

1

To evade being stopped for an expired vehicle registration, defendant, James Horton, led officers on a high speed chase which ended after his pickup truck spun out one hundred eighty degrees, ran into a patrol car, reversed and hit the patrol car again. From there, it reversed, and ran up the guide wire of a utility pole as police shot at the vehicle. Inside defendant's truck, police found a hand gun, and ammunition for the hand gun was found on the ground nearby. Defendant was charged and convicted of assaulting a peace officer with a deadly weapon (Pen. Code, § 245, subd. (c)), evading a pursuing police officer (Veh. Code, § 2800.2), possession of a firearm by a convicted felon (Pen. Code, § 29800, subd. (a)(1)), possession of ammunition by a person prohibited from possessing a firearm (Pen. Code, § 30305, subd. (a)), and several prior convictions. Defendant was sentenced to an aggregate term of 13 years, 8 months in prison, and appealed.

On appeal, defendant argues that (a) the trial court erred in denying his motion for discovery of police personnel information pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess* motion), and (b) there is insufficient evidence to support his convictions for possession of the gun or the ammunition recovered at the scene. We affirm.

## BACKGROUND

On March 23, 2012, at approximately 4:00 a.m., Officer Pap was on patrol when he came across a black Toyota truck, driven by defendant, with an expired registration tag. A passenger also occupied the truck. The officer made a U-turn and activated his

2

lights and siren to make an enforcement stop, but the truck took off on a high speed chase. Officer Pap's speed was approximately 80 to 90 miles per hour trying to catch up. Defendant drove through a red light and the pursuit was joined by three other police units. After going through an intersection, defendant made a U-turn and the chase resumed, at speeds of up to 70 miles per hour. At some points, defendant drove on the wrong side of a divided road.

Eventually, defendant's truck spun out, one hundred eighty degrees, so that his vehicle and the patrol car faced each other. Defendant rammed the patrol car as Officer Pap was in the process of opening the door of his vehicle with his gun drawn. Officer Pap started shooting as he stepped out his car; then he heard tires squealing, saw smoke, and felt another impact as defendant had rammed the vehicle a second time. By this time, Sergeant Townsend started shooting at the truck. Thereafter, the truck reversed, and went up a guide wire, striking a utility pole.

Defendant's passenger was taken into custody by Officer Maier, after he exited the vehicle and took off running. Defendant fell out of the truck and ran away from the vehicle. A dog deployed by one of the canine units at the scene located defendant under a parked car, and he was taken into custody by Officer Taylor, one of the canine handlers. Defendant had suffered a gunshot wound to his left arm, along with several less serious injuries.

Sergeant Townsend reported that he had seen someone exit the rear of the truck, who appeared to have a handgun. When he was located, no weapons were found on

3

defendant. However, a search of the truck and the surrounding area yielded a .22 caliber semi-automatic handgun on the passenger-side floorboard of defendant's truck, and a damaged magazine was located on the ground near seven live .22 caliber rounds in front of Officer Pap's vehicle. Riverside police officers use .40 caliber firearms.

Defendant was charged with assault on a peace officer with a deadly weapon (vehicle) (Pen. Code, § 245, subd. (c), count 1), evading pursuing officers (Veh. Code, § 2800.2, count 2), possession of a firearm by a convicted felon (Pen. Code, § 29800, subd. (a)(1), count 3), and possession of ammunition by a person prohibited from possessing a firearm (Pen. Code, § 30305, subd. (a), count 4.) It was further alleged that defendant had previously been convicted of three felonies for which he served separate prison terms (prison priors) within the meaning of Penal Code, section 667.5, subdivision (b), and one prior conviction for a serious or violent felony within the meaning of the Strikes law. (Pen. Code, § 667, subds. (c), (e)(1), § 1170.12, subd. (c)(1).)

Prior to trial, defendant made a pretrial motion for discovery pursuant to *Pitchess*, which was denied. Defendant was tried by a jury. At the close of the People's case in chief, the parties stipulated that defendant had been convicted of a felony on May 28, 2008, and that on August 7, 2012, defendant's passenger had pled guilty to unlawful possession of the .22 caliber firearm from the incident.

During his case in chief, defendant presented the testimony of a private investigator who was retired after a lengthy career as a police chief and federal agent, as an expert in police procedure, accident reconstruction, and use of force by police officers.

4

Comparing the footage from two of the officers' dash board cameras (dash cams), the witness formed the opinion that as the black truck was spinning out, Officer Pap's vehicle struck it. The expert witness noted that neither car's airbag had deployed, which would have happened with a violent head-on collision, so he found nothing to suggest the truck drove into the police car, rammed it, or moved it backward several feet. In the expert's opinion, the use of deadly force was unjustified.

The video then showed defendant ducking under the dash of the truck as shots were fired at him, trying to manipulate either the gear shift of the steering wheel, bumped the police car, and finally got the truck in reverse to escape the gunshots. There were 14 bullet holes in the driver's side of the truck windshield, and some rounds penetrated the headrest.

The jury convicted defendant of all four counts. In a separate proceeding, defendant admitted the three prison priors and the Strike allegation. He was subsequently sentenced to the middle term of four years for count 1, doubled pursuant to the Strikes law, with consecutive subordinate terms of one year four months each for counts 2 and 3 (one-third the midterm of eight months, doubled for the Strike). The court stayed the term for count 4, and added one year for each of the prison priors, for a total aggregate term of 13 years, 8 months. Defendant appealed.

## DISCUSSION

1.      *The Trial Court Erred in Denying the Pitchess[1] Motion.*

       a.      *Matters Underlying Defendant's Pitchess Motion.*

Defendant's *Pitchess* motion sought information relating to the four police officers involved in the incident, relating to acts of violation of constitutional rights, fabrication of charges, fabrication of evidence, fabrication of reasonable suspicion and/or probable cause, illegal search/seizure, false arrest, perjury, dishonesty, writing false police reports, false or misleading internal reports including but not limited to false overtime or medical reports, and any other evidence of misconduct amounting to moral turpitude.

In his declaration supporting the motion, defense counsel asserted only that he was informed and believed that defendant denies the facts as related by the police officers. However, in the points and authorities filed in support of the motion, defendant accused the named police officers of using excessive and unnecessary force or violence upon him, placing him under arrest without justification or cause, intentionally lying about the circumstances leading up to the defendant's arrest in order to justify the injuries inflicted upon him, and thereafter making false representations regarding the circumstances of his arrest in the report provided to the district attorney's office.

At the hearing, when the court asked if counsel wanted to add to what was written, defense counsel stated, "The denial is that my client assaulted the officer while driving. The claim is that Mr. Horton rammed the police vehicle. Our scenario is the other way

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.)

6

around[,]" after which, counsel referred the court to the page of his points and authorities spelling out the defense scenario  In denying the motion, the court indicated the scenario to which defendant referred was in the points and authorities, whereas the declaration contained a mere denial of the facts as related by the officer.

b.  *General Principles Relating to Pitchess Motions*

A defendant is entitled to discovery of a police officer's confidential personnel records that contain information relevant to the defendant's defense.  (*Pitchess v. Superior Court, supra,* 11 Cal.3d at pp. 537-538.)  To obtain such discovery, the motion must include affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality of the information.  (Evid. Code, § 1043, subd. (b)(3); *Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019.)  This two part showing of good cause is a "relatively low threshold for discovery."  (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 84.)

To show good cause as required by Evidence Code section 1043, defense counsel's declaration in support of the motion must propose a defense or defenses to the pending charges, and must articulate how the discovery sought may lead to relevant evidence or may itself be admissible direct or impeachment evidence.  (*Warrick v. Superior Court, supra*, 35 Cal.4th at p. 1024; see also, *Garcia v. Superior Court* (2007) 42 Cal.4th 63, 71.)  Counsel's affidavit must also describe a factual scenario supporting the claimed officer misconduct.  (*Warrick, supra,* at p. 1024.)

7

To obtain an in camera review, a defendant need only demonstrate that the scenario of alleged officer misconduct could or might have occurred. (*Warrick, supra,* 35 Cal.4th at pp. 1016, 1026.) Depending on the circumstances of the case, a denial of the facts asserted in the police report may constitute a sufficient factual allegation in a *Pitchess* motion. (*Warrick,* at pp. 1024-1025.)

A motion for discovery of peace officer personnel records is addressed to the sound discretion of the trial court. (*People v. Breaux* (1991) 1 Cal.4th 281, 311.) Consequently, a trial court's decision on the discoverability of material in police personnel files is reviewable under an abuse of discretion standard. (*Uybungco v. Superior Court* (2008) 163 Cal.App.4th 1043, 1049.)

      c.    *Analysis*

The precise question presented here is whether a court is limited to reviewing the affidavit or declaration submitted by counsel in support of a *Pitchess* motion to determine the legal sufficiency of the moving party's showing of good cause for discovery, or whether the court can consider additional information included in the memorandum of points and authorities. In most of the published decisions addressing the question of the adequacy of the defendant's showing in support of the *Pitchess* motion, the only factual showing offered to support good cause was found in counsel's affidavit or a declaration.[2]

---

      **2** A valid declaration has the same "force and effect" as an affidavit administered under oath. (*Garcia v. Superior Court, supra,* 42 Cal.4th at p. 70, fn. 7, citing *Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 610.)

However, in *Warrick,* the California Supreme Court addressed the adequacy of an affidavit submitted in support of a *Pitchess* motion that had been deemed inadequate to justify an in camera hearing, and concluded the declaration, read in light of the police reports and other pertinent documents, was adequate.  There, in dicta, the Court, after reviewing prior cases addressing the adequacy of the affidavit or declaration, observed that "[i]n other cases, the trial court hearing a *Pitchess* motion will have before it defense counsel's affidavit, and in addition a police report, witness statements, or other pertinent documents.  The court then determines whether defendant's averments, '[v]iewed in conjunction with the police reports' and any other documents, suffice to 'establish a plausible factual foundation' for the alleged officer misconduct and to 'articulate a valid theory as to how the information sought might be admissible' at trial."  (*Warrick, supra,* 35 Cal.4th at p. 1025, quoting *City of Santa Cruz v. Municipal Court, supra,* 49 Cal.3d at p. 86.)

The reasoning of *Warrick* suggests that the trial and reviewing courts are not limited to reviewing the affidavit or declaration in making a determination of the adequacy of the good cause showing.  We have found no other cases suggesting that a trial court is barred from considering factual information from sources de hors the declaration.  But a rule requiring a trial court to measure the adequacy of the good cause showing by resorting exclusively to the declaration or affidavit of counsel, to the exclusion of other relevant information presented in the motion, would be inconsistent with the policy favoring "relatively relaxed standards" that serve to insure production for

9

trial court review of all potentially relevant documents. (See *City of Santa Cruz v. Municipal Court, supra,* 49 Cal.3d at p. 84.)

Here, trial counsel presented additional factual information relating to the proposed defense of excessive force, albeit the information was included in the points and authorities, rather than in the declaration. To ignore that information simply because it was not contained in the declaration would elevate form over substance.

        d.     *Remedy*

As explained in *People v. Gaines* (2009) 46 Cal.4th 172, 180, the proper remedy when a trial court has erroneously rejected a showing of good cause for *Pitchess* discovery, and has not reviewed the requested records in camera, is not outright reversal, but a conditional reversal with directions to review the requested documents in chambers on remand. (See also, Pen. Code, § 1260 [reviewing court "may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances"].)

A conditional reversal is appropriate because "it would make no sense to reverse a judgment for a new trial 'if it turns out after discovery is granted [at the retrial] that the personnel files contain no evidence to support the defendant's claim.'" (*Gaines, supra,* 46 Cal.4th at p. 181 fn. 2, citing *People v. Memro* (1985) 38 Cal.3d 658, 708, conc. & dis. opn. of Grodin, J.)

After reviewing the confidential materials in chambers, the trial court may determine that the requested personnel records contain no relevant information. (*Gaines,*

*supra,* 46 Cal.4th at p. 181.)  In that circumstance, the trial court may reinstate the judgment. If the trial determines on remand that relevant information exists and should be disclosed, the trial court "'must order disclosure, allow [defendant] an opportunity to demonstrate prejudice, and order a new trial if there is a reasonable probability the outcome would have been different had the information been disclosed.'"  (*Gaines*, *supra,* 46 Cal.4th at p. 181; see also, *People v. Moreno* (2011) 192 Cal.App.4th 692, 703 [Fourth Dist., Div. Two].)

2.      *There Is Substantial Evidence to Support the Convictions for Possession of the Firearm and Possession of Ammunition By a Prohibited Person.*

Defendant argues there is insufficient evidence to support his convictions for possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), and possession of ammunition by a person prohibited from possessing a firearm.  (Pen. Code, § 30305, subd. (a).)  We disagree.

We assess the sufficiency of evidence by reviewing the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  (*People v. Johnson* (1980) 26 Cal.3d 557, 578; see also, *Jackson v. Virginia* (1979) 443 U.S. 307, 319-320 [99 S.Ct. 2781, 61 L.Ed.2d 560].)  If the verdict is supported by substantial evidence, we are bound to give due deference to the trier of fact and not retry the case ourselves.  (*People v. Snow* (2003) 30 Cal.4th 43, 66.)  "[W]e do not reevaluate the credibility of witnesses or resolve factual

11

conflicts; rather, we presume the existence of every fact in support of the verdict that could reasonably be inferred from the evidence." (*People v. Booker* (2011) 51 Cal.4th 141, 173.)

Penal Code section 29800, subdivision (a)(1) (formerly Pen. Code, § 12021, subd. (a)(1)), prohibits any person who has been convicted of a felony from owning, possessing a firearm, or having a firearm in his or her possession, or under his or her custody or control. The elements of this offense are conviction of a felony and ownership or knowing possession, custody, or control of a firearm. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052.) Similarly, Penal Code section 30305, subdivision (a), prohibits any person who is prohibited from possessing a firearm from possessing ammunition.

Possession may be actual or constructive. (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.) A defendant possesses a weapon while it is under his dominion and control. (*People v. Pena* (1999) 74 Cal.App.4th 1078, 1083.) A defendant also has actual possession when the weapon is in his immediate possession or control. (*Ibid.*) A defendant has constructive possession when the weapon, while not in his actual possession, is nonetheless under his dominion and control, either directly or through others. (*Id.* at pp. 1083-1084.) More than one person may possess the same weapon. (*People v. Miranda* (2011) 192 Cal.App.4th 398, 410.) "Possession may be imputed when the contraband is found in a place which is immediately accessible to the joint dominion and control of the accused and another." (*Id.* at p. 410.)

12

A firearm (and ammunition) can be under a person's dominion and control without it being available for use, such as where it is in his or her residence even when the defendant is not present. (*People v. Blakely, supra,* 225 Cal.App.4th at p. 1052.) Evidence of a gun found protruding from the center portion of the floorboard, under the front seat of a defendant's car at a time when he was driving supports a finding of constructive possession, custody or control. (*People v. Nieto* (1966) 247 Cal.App.2d 364, 367, 368.)

In *Nieto*, a firearm was found under the central part of the front seat of the car which the defendant was driving. The passenger testified that the gun was his and the defendant testified that he did not know about the gun. Nevertheless, the court found the presence of the gun under the front seat, together with the defendant's admission that he lied when police asked for the passenger's name, constituted substantial circumstantial evidence that the defendant was in possession of the gun. (*People v. Nieto, supra,* 247 Cal.App.2d at pp. 366–367.)

In *People v. Miranda, supra,* 192 Cal.App.4th 398, defendant was in a vehicle involved in a police pursuit. A police officer saw unidentifiable objects being thrown out of the back windows of the vehicle during the pursuit and later, along the pursuit route, pieces of a shotgun were found. The condition of these pieces was consistent with having been thrown from a moving vehicle. Based on this evidence, the reviewing court concluded it was reasonable for the jury to infer that the defendant and the others were

aware of its presence and that defendant had at least joint dominion and control over the shotgun before it was tossed out of the car window. (*Id.* at pp. 410-411.)

Here, the firearm was found on the floorboard of the truck on the passenger's side, and the ammunition was found on the ground outside the truck. While the weapon in the present case was not a shotgun, it was for the jury to decide whether the defendant was aware of the gun, or exercised joint dominion and control. There is evidence that the gun was accessible to defendant on the floorboard near the passenger's seat. There is substantial evidence to support the convictions for counts 3 and 4.

## DISPOSITION

The judgment is conditionally reversed. Upon request by defendant following remand, the trial court shall conduct an in camera review of the discoverable material in the personnel files of the officers named in the motion. If the trial court's inspection reveals no relevant information, the trial court must reinstate the judgment of conviction and sentence. If the inspection reveals relevant information, the trial court must order disclosure, allow defendant an opportunity to demonstrate prejudice, and order a new trial if there is a reasonable probability the outcome would have been different had the information been disclosed. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.