Filed 4/17/14  Dunn v. Dunn CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARINA M. DUNN,<br><br>Respondent,<br><br>v.<br><br>WILLARD A. DUNN,<br><br>Appellant. | F067129<br><br>(Super. Ct. No. VFL229866)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Tulare County.  Bret D. Hillman, Judge.

Sullivan and Sullivan, J. Patrick Sullivan and Ryan P. Sullivan for Respondent.

Willard A. Dunn, in propria persona, for Appellant.

-ooOoo-

Appellant, Willard Arthur Dunn, appeals from a trial court order relieving his former spouse of the obligation to make monthly payments of $100 for his benefit pursuant to the terms of a marital settlement agreement.  Respondent argues certain events have rendered it impossible for this court to grant appellant effective relief.  We agree, and dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant is currently serving a prison sentence of 33 years and four months as a result of convictions in June 2000 on 21 felony counts involving sex crimes against children. We affirmed those convictions in an unpublished opinion filed on December 9, 2002. (*People v. Dunn* (Dec. 9, 2002, F037048) [unpub. opn.].)[1] Appellant's former wife, respondent Marina Monica Dunn, filed for divorce in approximately October 2008.

The parties entered into a marital settlement agreement (MSA) under which appellant agreed to relinquish his interest in most of the community assets. Respondent agreed to deliver to appellant a promissory note, secured by real estate, for the ostensible purpose of equalizing the division of the community property. The terms of the MSA relating to the promissory note provide, in pertinent part:

"Said Promissory Note shall be in the sum of $60,000.00 and shall bear no interest. Said Promissory Note may be paid off at any time and is all due and payable when the Husband is released from prison or when the ranch, which secures said Promissory Note, is sold. [¶] In addition to the Promissory Note, Wife does hereby agree that until such time as said Promissory Note has been paid in full or until such time as the Husband is released from prison, to pay to Husband's brother, LEROY DUNN, the sum of $100.00 per month on behalf of the Husband. Said payments shall be made to LEROY DUNN beginning November 15, 2009 and continuing on a like day of each month until paid in full."

The MSA also contains provisions governing the division of community debts and obligations. Appellant agreed to assume responsibility for a $10,000 restitution fine

---

[1] The outcome of the underlying criminal matter, which we have addressed on two prior occasions, is relevant to the present appeal. We incorporate by reference the factual and procedural history of that case as set forth in our earlier opinions (*People v. Dunn* (F037048 & F064800) [nonpub. opns.]) and take judicial notice of the disposition in each.

imposed against him at a sentencing hearing on October 12, 2000 in the aforementioned criminal matter. The MSA further provides: "Husband shall assume all debts incurred by Husband on or after [the] date of separation and shall hold Wife safe and harmless from said debts." According to the agreement, the couple separated on June 1, 2000. To place the date of separation in historical context, we note the jury in the criminal case returned its guilty verdict on June 22, 2000.

On July 23, 2010, the Tulare County Superior Court entered a judgment on reserved issues in the present matter. The judgment incorporated the parties' MSA. Approximately 19 months later, on February 22, 2012, appellant was ordered to pay $1.5 million in noneconomic restitution to each of his five victims in the criminal case pursuant to Penal Code section 1202.4, subd. (f)(3)(F). We recently affirmed the order of restitution as to four of the victims; Amanda T., Ashley Q., Candace M. and Wendy M. (*People v. Dunn* (Apr. 17, 2014, F064800) [nonpub. opn.].) The order of restitution for noneconomic loss was reversed as to victim Shelley K. (*Ibid.*)

Three of appellant's victims moved quickly to assert their rights under the restitution order.[2] In April 2012, Amanda T., Ashley Q., and Candace M. filed a civil complaint against appellant and respondent which alleged that the shifting of nearly all appellant's interests in the community assets to Marina Monica Dunn constituted a fraudulent transfer within the meaning of Code of Civil Procedure section 3439.04. Shelley K. filed a separate but virtually identical lawsuit in August 2012.

Respondent ultimately entered into a confidential settlement agreement with Amanda T., Ashley Q., and Candace M. to resolve their civil claims against her. On February 14, 2013 respondent filed a Judicial Council form FL-300 "Request for Order" with the trial court asking to be relieved of the obligation to continue making monthly

---

[2] Penal Code section 1202.4 provides that a restitution order "shall be enforceable as if the order were a civil judgment." (*Id.*, subds. (a)(3)(B), (i).)

3.

payments to appellant's brother as required under the July 2010 judgment on reserved issues. A copy of respondent's confidential settlement agreement with Amanda T., Ashley Q. and Candace M. was attached to her moving papers.

Respondent summarized the basis for her Request for Order in an accompanying declaration: "In addition to payment of the sums as outlined in the [confidential settlement agreement], your Petitioner has been required to defend the lawsuit and has incurred, and is continuing to incur, attorney's fees and costs in both lawsuits. [¶] Since [Willard Dunn] has breached the Judgment by failing to hold the Petitioner safe and harmless, your Petitioner is requesting that the Judgment on reserved matters, as it pertains to the payment of the $100.00 per month, be terminated."

Appellant filed an opposition to respondent's request, arguing the trial court did not have authority to grant such relief. The matter was heard on April 2, 2013. The trial court granted respondent's request and issued a written order which reads, "Judgment as to payment of [$100 per month] to respondent is terminated effective 4/2/13." Appellant filed a notice of appeal nine days later.

Appellant's opening brief was filed on July 3, 2013. On July 31, 2013, respondent filed a "Motion for Involuntary Dismissal of Moot Appeal." The motion, supported by an attorney declaration and several documentary exhibits, describes key events during the months of February 2013 through May 2013 which are not mentioned in appellant's opening brief. According to respondent's evidence, Candace M. caused a writ of execution on her $1.5 million portion of the victim restitution order to be issued by the clerk of the Tulare County Superior Court on February 8, 2013. The writ of execution was levied upon all property in which appellant held an interest, including "all promissory notes…owed by third party debtor, Marina Monica Dunn, to the judgment debtor."

On February 20, 2013, the Tulare County Sheriff's Office delivered Candace M.'s writ of execution and a notice of levy to respondent's attorney of record. Respondent

4.

thereafter remitted to the sheriff the $60,000 promissory note she had executed in favor of appellant pursuant to the MSA and judgment on reserved issues. Respondent's attorney attests that she subsequently paid the promissory note in full to Candace M. on May 20, 2013. A document entitled "Acknowledgment of Payment" purportedly signed by Candace's legal counsel to memorialize respondent's full payment on the note is included with the evidence submitted in support of the motion to dismiss.

Appellant filed a response to the motion to dismiss on August 7, 2013. On August 16, 2013 we issued an order informing the parties that a ruling on the motion would be deferred pending further consideration of the appeal on the merits. Respondent's brief was filed on September 6, 2013. Appellant's reply brief was filed on September 19, 2013. Having now considered the parties' briefing in its entirety, we issue our decision.

## DISCUSSION

"Marital settlement agreements incorporated into a dissolution judgment are construed under the statutory rules governing the interpretations of contracts generally." (*In re Marriage of Iberti* (1997) 55 Cal.App.4th 1434, 1439.) If a given term or provision of the agreement is clear and explicit, it governs. (Civ. Code, § 1638; *In re Marriage of Hibbard* (2013) 212 Cal.App.4th 1007, 1013.) Here, the parties' MSA clearly and unambiguously states that the $60,000 promissory note "may be paid off at any time" and provides for automatic termination of respondent's obligation to make $100 monthly payments to appellant's brother if and when "said Promissory Note has been paid in full." Therefore, if respondent paid the promissory note in full to appellant's judgment creditor (i.e., Candace M.) in May 2013, her satisfaction of the note extinguished any duty to make further monthly payments of $100, regardless of the legality of the trial court's order of April 2, 2013.

"An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief." (*Cucamongans*

5.

*United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 (*Cucamongans*).)  Respondent argues her satisfaction of the note qualifies as such an event because this court would be unable to grant effective relief to appellant even if the disputed trial court order were reversed.  We agree.

Nowhere in his briefs or written submissions does appellant deny the truth of respondent's contentions with respect to her satisfaction of the promissory note.  Instead, his response to the motion to dismiss attempts to assert technical evidentiary objections to certain exhibits attached to the declaration of respondent's attorney.  He further argues we should exercise our discretion to rule upon the merits of his claim "even [though] the issue may have been rendered technically moot."   Appellant's position is not persuasive.

A valid declaration made under penalty of perjury has the same force and effect as an affidavit administered under oath, and may be used to support a motion.  (*Kulshrestha v. First Union Commercial Corp*. (2004) 33 Cal.4th 601, 609-610.)  Hence, the declaration submitted by respondent's counsel is prima facie evidence of the facts stated therein.  (See Code Civ. Proc., §§ 2009, 2011.)  The declaration does not merely purport to authenticate the attached exhibits, but also claims personal knowledge of the critical facts regarding Candace M.'s levy on the $60,000 promissory note and respondent's satisfaction of the note in full.  Even if appellant's objections to the exhibits were meritorious, the facts stated in the declaration remain uncontroverted.  Therefore, we find the motion to be supported by competent, credible, and undisputed evidence.

An appellate court may decide the merits of a moot appeal under three discretionary exceptions: (1) if the case presents an issue of broad public interest that is likely to recur; (2) if the parties' controversy may recur in the future; and/or (3) when a material question remains for the court's determination.  (*Cucamongans*, *supra*, 82 Cal.App.4th 473 at pp. 479-480.)  We find none of these exceptions applicable to this case.  Accordingly, respondent's motion to dismiss is granted.

## **DISPOSITION**

The appeal is dismissed as moot.  The parties shall bear their own costs on appeal.


_____

Gomes, J.

WE CONCUR:


_____

Cornell, Acting P.J.


_____

Peña, J.